JAMES D. McKAY, ADMINISTRATOR OF THE ESTATE OF ALVA LEE CARTER v. WAVERLY SHANE PARHAM AND LINDA PARHAM

No. 829SC882

(Filed 19 July 1983)

1. **Automobiles and Other Vehicles § 45.4— reconstructing accident—expert opinion in response to hypothetical**

    The trial court properly allowed an expert in the field of civil engineering and registered land surveying to answer in response to hypothetical questions by the defendant where two cars would have come to rest under two different factual situations.

2. **Automobiles and Other Vehicles § 108.2— family purpose doctrine— sufficiency of evidence**

    Although the trial judge erred in directing a verdict in favor of defendant's husband in that the elements of the family purpose doctrine could have been found to have been established by the evidence in that (1) the defendant was a member of her husband's household, (2) the car was provided for family use, and (3) the car was being used with the husband's consent at the time of the accident, it was harmless error in that the jury decided that defendant wife was not negligent.

APPEAL by plaintiff from *Brewer, Judge.* Judgment entered 19 April 1982 in Superior Court, GRANVILLE County. Heard in the Court of Appeals 7 June 1983.

This wrongful death action results from the death of Alva Lee Carter on 19 October 1979 from injuries received in a collision with a car driven by the defendant Linda Parham.

The plaintiff's evidence tended to show that the decedent was a passenger in her car, which was being driven by James

Downey. Downey testified that he was traveling west on Cherry Street in Oxford on the date in question. He was struck from the right by a "blue haze" at the intersection of Harris and Cherry Streets.

When Downey regained consciousness after the accident, the car that he was driving was in the southern part of Harris Street pointed in a northeast direction. The defendant's car was in a yard in the southeast part of Harris Street pointed in a northwest direction.

Officer Wilber Morton of the Oxford Police Department testified that he investigated the intersection following the accident. The car driven by the defendant was in the southeast part of the lawn and was sixty-nine feet from the intersection. It was facing northwest.

The Pontiac that Downey had been driving was facing northeast and was seventy-nine feet from the center of Cherry Street. Its left front wheel was in the road and the right front wheel was on the lawn.

Morton said that there was a stop sign at the northwest intersection of the two streets. It was erect and facing traffic coming north down Harris Street when he arrived at the scene.

Although Morton testified that the defendant's husband owned the car that she was driving and that she told him that she goes down Cherry Street in the afternoon after work to pick up her husband, the trial judge granted a directed verdict in favor of the husband as a defendant at the close of the plaintiff's evidence. This ruling was based on the fact that the plaintiff presented insufficient evidence of an agency relationship between the defendant and her husband.

The defendant testified that she was driving on Cherry Street on the accident date. The car that she hit came from her left.

Frederick Tyner, who was qualified as an expert in the field of civil engineering and registered land surveying, testified for the defense. He conducted an on site investigation of the accident about one month after it happened. Tyner made a number of photographs and measurements at the scene.

In response to hypothetical questions by the defendant, Tyner said that had the defendant's car been traveling east on Cherry Street and the plaintiff's car traveling south on Harris Street, that the two cars would have come to rest in the southeast quadrant of the intersection following a collision. All of the evidence in the case tended to show that the two cars came to rest in the southeast part of the intersection.

Tyner stated further that had the plaintiff's car been traveling west on Cherry Street and the defendant's car south on Harris Street when they collided, that the cars would have come to rest in the southwest quadrant of the intersection. The plaintiff's evidence showed that the cars were traveling in the directions consistent with this second hypothetical.

In reaching these conclusions, Tyner relied on the laws of physics, the speed of the cars, their weight and the direction in which they were traveling before and at impact.

Following a jury verdict in favor of the defendant, the plaintiff appealed to this Court.

*Currie, Simmons, Pugh & Joyner, by Irving Joyner, for the plaintiff-appellant.*

*Haywood, Denny & Miller, by George W. Miller, Jr. and James Aldean Webster, III, for the defendant-appellees.*

ARNOLD, Judge.

Before we address the merits of this case, we must first determine if the plaintiff properly preserved exceptions to the alleged errors in the trial below.

The plaintiff excepted to allowing Tyner to give an opinion on the likely path of the vehicles after the collision. This preserved the alleged error for review on appeal under Rule 10(b)(1), N.C. Rules App. Proc.

The defendant argues, however, that this exception cannot be raised on appeal because substantially the same evidence objected to came in later. We disagree.

Under G.S. 1A-1, Rule 46(a)(1), "when there is objection to the admission of evidence involving a specified line of questioning, it

shall be deemed that a like objection has been taken to any subsequent admission of evidence involving the same line of questioning." Although the line of questioning objected to was not specified here, it is enough if the line objected to is apparent to the court and the parties, as it was in this case. *Duke Power Co. v. Winebarger*, 300 N.C. 57, 68, 265 S.E. 2d 227, 234 (1980).

The plaintiff also raised the grant of a directed verdict in favor of the defendant husband as an assignment of error in the record. His exception refers to pages in the transcript where no proper exception was made.

Although this is a violation of the appellate rules, we will review this contention on appeal. G.S. 1A-1, Rule 46(b) provides that an exception to grant of a motion like this one is preserved if the party "makes known the action which he desires the court to take and his ground therefor" when the ruling is made. *See also,* W. Shuford, N.C. Civil Practice and Procedure § 46-6 (2d ed. 1981). The transcript shows that the plaintiff informed the court of his opposition to the directed verdict and the grounds for his opposition. As a result, this exception was properly preserved. We now turn to the merits of this case.

[1]   The plaintiff first objects to allowing Tyner to testify as to where the cars would have come to rest under two hypothetical fact situations. He argues that the testimony only served to confuse the jury, was unnecessary, and courts generally look with disfavor on reconstructing accidents.

We find that it was proper to allow Tyner to answer the two hypothetical questions. G.S. 8-58.13 provides: "If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion." Although it was once said that expert testimony had to relate to a trade requiring special knowledge, "the only question [now] is whether the particular matter under investigation is one on which the witness can be helpful to the jury because of his superior knowledge." 1 Brandis, N.C. Evidence § 134 (2d rev. ed. 1982).

The transcript shows that Tyner was adequately qualified and accepted by the court as an expert. His testimony, based on

his training and knowledge, helped the jury reach a decision and was properly admitted.

The case of *Shaw v. Sylvester*, 253 N.C. 176, 116 S.E. 2d 351 (1960), which the plaintiff cited as disapproving accident reconstruction by expert testimony, also stated: "The qualified expert, the nonobserver, may give an opinion in answer to a proper hypothetical question in matters involving science, art, skill and the like. . . . An automobile, like any other moving object, follows the laws of physics. . . ." 253 N.C. at 180, 116 S.E. 2d at 355. Tyner properly answered hypothetical questions here and applied the laws of physics to the post-collision movement of the two cars.

[2] The plaintiff also attacks the directed verdict entered in favor of the defendant's husband at the close of the plaintiff's evidence. He sought to hold the husband liable under the Family Purpose Doctrine.

On a directed verdict, "the court must consider the evidence in the light most favorable to the non-movant. . . ." *Daughtry v. Turnage*, 295 N.C. 543, 544, 246 S.E. 2d 788, 789 (1978); W. Shuford, N.C. Civil Practice and Procedure § 50-5 (2d ed. 1981).

It is true that when considering the evidence in the light most favorable to the plaintiff at the close of his evidence, the elements of the Family Purpose Doctrine could be seen as established. That is, 1) the defendant was a member of her husband's household, 2) the car was provided for family use, and 3) the car was being used with the husband's consent at the time of the accident. *See Williams v. Wachovia Bank & Trust Co.*, 292 N.C. 416, 419-20, 233 S.E. 2d 589, 592 (1977).

But it must be shown that the defendant was negligent in the operation of the car before the husband can be held liable under the Family Purpose Doctrine. *Williams*, 292 N.C. at 419, 233 S.E. 2d at 592. The jury here decided that the defendant was not negligent.

Although it was incorrect to grant a directed verdict in favor of the husband at the close of the plaintiff's evidence because facts sufficient to survive the motion had been shown, we find this to be harmless error under G.S. 1A-1, Rule 61. The jury verdict could not have been affected by the presence of the husband

as a defendant. His liability was dependent on his wife. The real issue in the case was her negligence.

No error.

Judges WEBB and BRASWELL concur.