**ADDISON v. MOSS**

[122 N.C. App. 569 (1996)]

━━━━━━━━━

BRENDA T. ADDISON, PLAINTIFF v. JAMES R. MOSS AND HOWARD A. TYSON, DEFENDANTS

No. COA94-1412

(Filed 4 June 1996)

**Evidence and Witnesses § 1767(NCI4th)— burlap bundles falling from truck—expert's experimental evidence on inertia—exclusion prejudicial error**

In an action to recover for personal injuries sustained by plaintiff when her car collided with bundles of empty burlap tobacco sheets which fell off defendant's truck, the trial court erroneously excluded testimony from an accident reconstruction expert regarding experiments he performed to illustrate that, in conformity with the law of inertia, the bundles continued to move forward when they fell from the truck, that is, away from plaintiff's vehicle, because the experiments were conducted in Nash County rather than in Wilson County where the accident occurred, since such evidence was relevant to show that the greater the distance plaintiff was able to travel before reaching the bundles, the greater likelihood she was contributorily negligent in failing to apply her brakes and stop before striking them; the evidence established that the conditions under which the experiments were performed were substantially similar to those

at the accident site; and it appears that any discrepancies between the witness's experiments and the accident could have been brought out on cross-examination and that the witness had the ability to explain how certain differences might have affected the data he gathered.

**Am Jur 2d, Evidence §§ 1003, 1004.**

Appeal by defendants from judgment entered 21 July 1994 by Judge Quentin T. Sumner in Nash County Superior Court. Heard in the Court of Appeals 28 September 1995.

*Perry, Brown & Levin, by Cedric R. Perry, for plaintiff-appellee.*

*Battle, Winslow, Scott & Wiley, P.A., by W. Dudley Whitley, III, for defendant-appellants.*

JOHN, Judge.

Defendants appeal judgment in the amount of $3,500, plus attorney's fees of $6,000. Defendants' primary contention is that the trial court erred by excluding certain testimony from their accident reconstruction expert. We agree.

Pertinent procedural and background information is as follows: As plaintiff drove her automobile in a northerly direction on Highway 301 in Wilson County on the afternoon of 24 July 1992, one or two bundles of empty burlap tobacco sheets fell from the bed of a truck travelling in front of her. Plaintiff testified that she hit the sheets, lost control of her vehicle, swerved to her left into the median, and executed a 360 degree turn within the median before coming to a stop.

Plaintiff subsequently filed suit 3 December 1992 against James R. Moss (Moss), the driver of the truck, and Howard A. Tyson (Tyson), the truck's owner, alleging injuries as a result of the collision. Defendants' answer denied Moss was negligent in the operation of the truck, and further asserted plaintiff was contributorily negligent in "fail[ing] to keep a proper lookout," "fail[ing] to keep her vehicle under proper control," and "fail[ing] to reduce speed upon approaching a special hazard." Following a jury trial and the judgment in favor of plaintiff, defendants timely appealed to this Court.

Defendants first contend the trial court erroneously precluded testimony from David S. Brown (Brown), an accident reconstruction expert, regarding experiments he performed to determine how

ADDISON v. MOSS

[122 N.C. App. 569 (1996)]

tobacco bundles behave after falling from the back of a truck. The purport of Brown's experiments, according to defendants, was to illustrate the law of inertia, the physical principle that objects in motion tend to stay in motion. Defendants wished Brown to testify that, in conformity with the law of inertia, when the bundles fell from the back of the truck in the accident at issue, they kept moving forward in a northerly direction—significantly, *away* from plaintiff's automobile—for some distance before the friction of the road brought them to a stop. Brown's experiments attempted to determine just how far forward the bundles travelled after falling from defendants' truck. Defendants contend this information would have been extremely relevant at trial because the greater the distance plaintiff was able to travel before reaching the bundles, the greater likelihood she was contributorily negligent in failing to apply her brakes and stop before striking them.

Initially, we note a court may take judicial notice, whether requested or not and at any stage of the proceeding, of facts capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. N.C.G.S. § 8C-1, Rule 201 (1992). Inertia is reliably defined as "a property of matter by which it remains at rest or in uniform motion in the same straight line unless acted upon by some external force." Webster's Third New International Dictionary 1156 (1966). We therefore take judicial notice that the bundles were subject to the property of inertia when they fell from the back of Tyson's truck.

Concerning the admission of experimental evidence, our Supreme Court has held:

Experimental evidence is competent when the experiment is carried out under circumstances *substantially similar* to those existing at the time of the occurrence in question and tends to shed light on it. It is not required that the conditions be precisely similar, the want of exact similarity going to the weight of the evidence with the jury.

*State v. Brown*, 280 N.C. 588, 597, 187 S.E.2d 85, 91, *cert. denied*, 409 U.S. 870, 34 L. Ed. 2d 121 (1972) (emphasis added). Exact reproduction of the original occurrence is not required, particularly when an expert is available to explain relevant differences between conditions of the experiment and the original occurrence and their possible effects on results. *Short v. General Motors Corp.*, 70 N.C. App. 454, 455, 320 S.E.2d 19, 20, *disc. review denied*, 312 N.C. 623, 323 S.E.2d

924 (1984). Whether substantial similarity exists is a question of law reviewable as any other question of law by the appellate courts, *id.*; however, a trial court's ruling on this issue will normally be upheld unless found to be "too wide of the mark." *State v. Jones*, 287 N.C. 84, 91, 214 S.E.2d 24, 29 (1975) (citation omitted).

On *voir dire*, Brown testified he met with defendants near Tyson's farm in Nash County and performed experiments by dropping bundles of tobacco sheets off the back of a truck and measuring the distances they traveled after falling. Plaintiff's counsel interposed the following objection:

> [Brown's] presentation is flawed because he testified that he did tests in Nash County trying to see what reaction a bundle of sheets would have upon being pushed out of a truck. And he testified that he did not duplicate that on Highway 301, and of course I would hope that he didn't go out there and do it on Highway 301. But it is well known that with regard to experiments that the circumstances basically have to be the same. You can't take results out of Nash county where we don't know the terrain and that kind of thing, and try to transfer that to Wilson County.

Brown thereafter explained the similarities between the conditions of the experiment and those of the actual accident. He testified that the bed of the truck used to conduct the experiment was the same distance from the ground as the trailer involved in the accident, that the truck traveled during the experiment at the same speed traveled by Moss at the time of the accident, that the bundles he used duplicated those which had originally fallen from the truck in shape and size, and that the terrain of the road involved was the same as that of Highway 301. Brown further stated:

> Every effort was made to have everything the same in Nash County that it would be in Wilson County, based on everything I had to work with as to the terrain. Terrain, of course, is not a matter, it's simply a roadway, because all of my tests were done in the roadway. There's not a question of whether it was a ditch or whether it sloped this way or that, even off of the edge of the pavement. Everything was as near the same as it could possibly be done, which is what you do in a test. . . . I would say that just literally hundreds and thousands of tests that have been done by the standards writers and the other technical organizations such as [the Society of Automotive Engineers] to establish how the different pavement surfaces will perform not only with tires but

with other things that hit them or gouge them or slide on them or anything else, would indicate to me that unequivocally that the difference between what we did in terms of the tests and what actually happened is identical.

Upon thorough review of the record, we conclude the trial court was "too wide of the mark" in sustaining plaintiff's objection grounded upon the experiments having been conducted in Nash County while the accident took place in Wilson County. The evidence adequately established that the conditions under which the experiments were performed in Nash County were "substantially similar," *Brown*, 280 N.C. at 597, 187 S.E.2d at 91, to those in neighboring Wilson County. Further, plaintiff's assertions notwithstanding, Brown's testimony regarding the similarity between the relevant roads in Nash and Wilson counties is not inherently incredible simply because he visited the accident site at 301 *after* performing the experiments. All evidence showed that the road at the accident site on Highway 301 was unremarkable—flat, straight, and made of asphalt— and therefore easily capable of replication. Indeed, plaintiff's counsel essentially admitted at trial that defendants would have been unable to reenact the accident on Highway 301 itself due to heavy traffic. *See State v. Wright*, 52 N.C. App. 166, 174, 278 S.E.2d 579, 586, *disc. review denied*, 303 N.C. 319 (1981) (not reasonable or possible to perform test under precise conditions existing when collision occurred). The record reflects that Brown's experiments were conducted upon a similar, acceptable, and safer alternative road.

Plaintiff's counsel also relied at trial upon Brown's testimony that "you wouldn't expect the bundle to fall the same way every time" to argue that the measurements taken by Brown were a poor reflection of the actual behavior of the bundles at the time of the accident. However, Brown thereafter explained that in his experiment the bundles tended to either roll or slide once they hit the pavement and that "because of the difference between rolling and sliding, you would get some variation in the total distance it would go before it stopped." Brown further indicated that he performed the experiment a sufficient number of times to develop a range of values for the distance traveled by the bundles, that this range of distances was narrow, and that in fairness to plaintiff he utilized the shortest distance recorded, fifty feet, in developing a chart of the accident for demonstration to the jury. Earlier, Brown also testified he was able, with separate physics calculations, to corroborate as accurate the distances observed during his experiment.

**ADDISON v. MOSS**

[122 N.C. App. 569 (1996)]

Finally, it appears that any discrepancies between Brown's experiments and the original accident could have been brought out on cross-examination and that Brown had the ability to explain how certain differences might have affected the data he gathered. *See Short*, 70 N.C. App. at 455, 320 S.E.2d at 20. It would then have been for the jury to determine the weight and credibility of Brown's testimony. *Id.*

We next consider whether the exclusion of Brown's testimony was prejudicial to defendants. *See* N.C.G.S. § 1A-1, Rule 61 (error in exclusion of evidence must amount to denial of substantial right to warrant new trial). Absent the excluded evidence, the jury at trial lacked a basis for considering the role played by inertia in the accident at issue. Without the expert testimony and the option of determining its weight and credibility, the jury was left to its own devices and may well have assumed the bundle or bundles would naturally remain in the spot where they landed after falling, or, more damaging to defendants, that the bundles in falling from the truck would have rolled *towards* plaintiff's oncoming vehicle, thereby *reducing* the amount of time within which she might have avoided striking them. We therefore hold the exclusion of Brown's testimony constituted error prejudicial to defendants and grant them a new trial.

We decline to address defendants' remaining assignments of error as they may not occur upon retrial.

New trial.

Judges MARTIN, John C., and MCGEE concur.