PAULA ANN HOFFMAN, Plaintiff v. SHAWN CHERRI OAKLEY and DAVID READE OAKLEY, Defendants and Third-Party Plaintiffs v. CATHERINE MICHELLE HOFFMAN, Third-Party Defendant

No. COA06-932

(Filed 17 July 2007)

**1. Motor Vehicles— automobile accident—expert testimony—speed—stopping distance**

The trial court did not err in a negligence case arising out of an automobile accident by admitting the testimony of the defendants' accident reconstruction expert even though plaintiff contends it constituted improper expert testimony regarding the speed third-party defendant driver was traveling, because: (1) although our legislature has recently amended N.C.G.S. § 8C-1, Rule 702 to overturn the doctrine that an expert witness may not testify regarding the speed of a vehicle unless he personally observed the vehicle, the amendment applies only to offenses committed on or after 1 December 2006, and the automobile collision in this case occurred on 13 March 2003; and (2) the expert's testimony did not amount to an opinion on third-party defendant's speed, but rather was the type of testimony admissible even under the previously existing law when he used his scientific expertise to perform an experiment that demonstrated stopping distances at various speeds.

**2. Motor Vehicles— contributory negligence—speeding—sufficiency of evidence**

The trial court did not err by denying motions by plaintiff and third-party defendant for a directed verdict on the issue of contributory negligence in a case arising out of an automobile acci-

dent, because: (1) evidence that a party was exceeding the posted speed limit is sufficient to send the issue of contributory negligence to the jury, and the jury could have drawn this inference based on an accident reconstruction expert's testimony as to stopping distances at various speeds; and (2) the evidence was sufficient to allow a jury to find that had third-party defendant not been speeding, she would have been able to stop in less than 54 feet which would have brought her vehicle to a halt prior to any impact, thus demonstrating a causal connection between her excessive speed and the resulting accident.

**3. Costs— arbitration fee—deposition fee—expert witness fee**

The trial court did not abuse its discretion in a negligence case arising out of an automobile accident by awarding costs to third-party plaintiffs on various grounds, because: (1) plaintiff and third-party defendant have not cited any authority suggesting that costs are unavailable when paid for by defendants' insurance carrier under the insurance policy, and at least one other jurisdiction has rejected this argument; (2) N.C.G.S. § 6-1 should not preclude a recovery of costs under these circumstances when it identifies to whom costs may be awarded, but does not limit recovery to unreimbursed costs; (3) although plaintiff and third-party defendant point to N.C.G.S. § 7A-305(d) for the notion that certain specified expenses when incurred are recoverable as costs, they do not suggest defendants would not have been liable for the expenses had the carrier not paid them; (4) the arbitration fee was recoverable as it is specifically enumerated in N.C.G.S. § 7A-305(d); (5) although there is no statutory authority for awarding deposition fees as costs, these fees have been allowed as common law costs, and there has been no showing of an abuse of discretion; and (6) although plaintiff and third-party defendant contest the expert witness fee of $1,060 including the expert's time spent reviewing the case materials, talking with the investigating police officer, and conducting the stopping-distance experiment, our appellate courts have previously upheld the award of an expert witness fee for time spent outside of testifying.

Appeal by plaintiff and third-party defendant from judgment entered 19 September 2005 and orders entered 5 January 2006 by Judge James R. Fullwood in Wake County District Court. Heard in the Court of Appeals 21 February 2007.

*E. Gregory Stott for plaintiff-appellant and third-party defendant-appellant.*

*Patterson, Dilthey, Clay, Bryson & Anderson, L.L.P., by Kathrine Downing Fisher and Heather R. Wilson, for defendants-appellees and third-party plaintiffs-appellees.*

GEER, Judge.

Plaintiff Paula Ann Hoffman and her daughter, third-party defendant Catherine Michelle Hoffman (the "Hoffmans"), appeal from a judgment in favor of defendants/third-party plaintiffs, Shawn Cherri Oakley and David Reade Oakley, entered in accordance with a jury verdict, concluding that Catherine Michelle Hoffman had been contributorily negligent in an automobile collision. The primary issue on appeal is whether the trial court erred by admitting the testimony of the defendant/third-party plaintiffs' accident reconstruction expert, which, the Hoffmans contend, constituted improper expert testimony regarding the speed Catherine was traveling.

It has long been the law, in North Carolina, that an expert witness may not testify regarding the speed of a vehicle unless he or she personally observed the vehicle. *See* 2 Kenneth S. Broun, *Brandis & Broun on North Carolina Evidence* §. 183, at 37-38 n.166 (6th ed. 2004) (urging elimination of limitations on accident reconstruction expert testimony). Although our legislature has recently amended Rule 702 to overturn this doctrine,[1] the amendment applies only to "offenses" committed on or after 1 December 2006. 2006 N.C. Sess. Laws 253, sec. 33. Since the automobile collision in this case occurred on 13 March 2003, we must apply the former law. Nevertheless, we hold that the expert's testimony did not amount to an opinion on Catherine Hoffman's speed, but rather was the type of testimony admissible even under the previously existing law.

In addition, the Hoffmans challenge the trial court's award of costs. We believe the trial court properly determined costs in accordance with *Miller v. Forsyth Mem'l Hosp., Inc.*, 173 N.C. App. 385, 618 S.E.2d 838 (2005). The amounts awarded either fell within N.C. Gen. Stat. § 7A-305(d) (2005) or constituted a "common law cost." As to the latter costs, we find no abuse of discretion.

---

1. "A witness qualified as an expert in accident reconstruction who has performed a reconstruction of a crash, or has reviewed the report of investigation, with proper foundation may give an opinion as to the speed of a vehicle even if the witness did not observe the vehicle moving." N.C.R. Evid. 702(i).

Facts

At approximately 7:30 a.m. on 13 March 2003, Catherine Hoffman was driving her mother's 1996 Honda Civic on Brooks Avenue in Raleigh, North Carolina. As Catherine approached the defendant Oakleys' home on Brooks Avenue, Shawn Oakley was backing David Oakley's mini-van out of their driveway when the two cars collided.

On 28 April 2003, Paula Hoffman filed suit against the Oakleys, in Wake County District Court, for losses resulting from the property damage to her car. She alleged that Shawn Oakley had been negligent in backing the mini-van out of her driveway and had caused the collision. The Oakleys filed an answer denying the relevant allegations of Paula Hoffman's complaint and, subsequently, filed an amended answer and a third-party complaint against Catherine Hoffman. The Oakleys' third-party complaint alleged that Catherine's negligence had been the sole cause of the collision or, alternatively, that her contributory negligence precluded her mother's recovery.

The case was tried before a jury on 8 and 9 August 2005 in Wake County District Court, with the parties stipulating that any negligence by Catherine Hoffman was to be imputed to Paula Hoffman. After hearing testimony from the Hoffmans, Shawn Oakley, the police officers who arrived on the scene after the collision, and an expert in accident reconstruction, the jury determined that although Paula Hoffman's vehicle was damaged by Shawn Oakley's negligence, Catherine Hoffman—and, therefore, Paula Hoffman—was contributorily negligent. Accordingly, the trial court entered judgment ordering that the Hoffmans recover nothing from the Oakleys.

The Hoffmans' subsequent motions for a new trial or judgment notwithstanding the verdict were denied, and the trial court awarded the Oakleys certain specified "reasonable costs and expenses." The Hoffmans filed a timely appeal to this Court.

I

[1] The Hoffmans first argue that the trial court erred in admitting the testimony of the Oakleys' expert on accident reconstruction. They contend that the witness gave impermissible opinion testimony regarding the speed Catherine Hoffman was traveling. We disagree.

Typically, an expert witness may testify in the form of an opinion if that expert's "scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine

a fact in issue . . . ." N.C.R. Evid. 702(a). "[E]xpert testimony in the field of accident reconstruction has been widely accepted as reliable by the courts of this State." *State v. Holland*, 150 N.C. App. 457, 463, 566 S.E.2d 90, 94 (2002), *cert. denied*, 356 N.C. 685, 578 S.E.2d 316 (2003).

Nevertheless, our appellate courts held, prior to the amendment to add Rule 702(i), "that 'with respect to the speed of a vehicle, the opinion of a[n] . . . expert witness will not be admitted where he did not observe the accident, but bases his opinion on the physical evidence at the scene.' " *Marshall v. Williams*, 153 N.C. App. 128, 135, 574 S.E.2d 1, 5 (quoting *Hicks v. Reavis*, 78 N.C. App. 315, 323, 337 S.E.2d 121, 126 (1985), *cert. denied*, 316 N.C. 553, 344 S.E.2d 7 (1986)), *appeal dismissed and disc. review denied*, 356 N.C. 614, 574 S.E.2d 683 (2002). Accordingly, unless an accident reconstruction expert actually observed the accident, the expert may not testify as to the speed a vehicle was traveling. *See Van Reypen Assocs., Inc. v. Teeter*, 175 N.C. App. 535, 542, 624 S.E.2d 401, 405 (noting that, under this rule, "our trial courts are forced to exclude accident reconstruction testimony regarding speed"), *disc. review improvidently allowed*, 361 N.C. 107, 637 S.E.2d 536 (2006).

Here, the Oakleys' expert, Sean Dennis, testified that he had performed several "skid test[s]" at the accident scene using a 1997 two-door Honda Civic that Mr. Dennis considered to be a "sister or clone" of the 1996 four-door Honda Civic that Catherine Hoffman was driving at the time of the accident. Because the speed limit at the scene of the accident was 35 miles per hour, Mr. Dennis' skid tests included "full, panic-stop application of the brake pedal" at 33, 34.2, 40, 46, and 50 miles per hour. According to Mr. Dennis, his test results indicated that if a vehicle like the one driven by Catherine Hoffman was traveling at 35 miles per hour, it would be able to stop "in just under 54 feet." The Hoffmans argue that this testimony, when viewed in conjunction with that of a responding police officer who found skid marks at the scene measuring 80 feet in length, was merely "evidence of speed through the 'back door.' "

Our Supreme Court has, however, specifically held that such testimony about stopping distances is admissible. *See State v. Gray*, 180 N.C. 697, 702, 104 S.E. 647, 650 (1920) ("Admitting, then, that each of the particular witnesses was an expert in regard to the matter about which he was examined, testimony as to the distance within which such a truck, as [the] truck [at issue,] could be stopped when going at a rate of speed 20 to 25 miles an hour was plainly admissible."). *See*

*also Draper v. Atl. Coast Line R.R. Co.*, 161 N.C. 308, 312, 77 S.E. 231, 232-33 (1913) (holding that testimony was competent when witness testified that train traveling at particular speed could have stopped within 200 yards). Under *Gray* and *Draper*, Mr. Dennis' testimony about stopping distances at various speeds was admissible.

These decisions are consistent with subsequent Supreme Court decisions holding that expert testimony about speed is inadmissible. In *Shaw v. Sylvester*, 253 N.C. 176, 180, 116 S.E.2d 351, 355 (1960), the Court held that "[a] witness who investigates but does not see a wreck may describe to the jury the signs, marks, and conditions he found at the scene, including damage to the vehicle involved. From these, however, he cannot give an opinion as to its speed. The jury is just as well qualified as the witness to determine what inferences the facts will permit or require." The Court stressed, however, that "[t]he qualified expert, the nonobserver, may give an opinion in answer to a proper hypothetical question in matters involving science, art, skill and the like. . . . An automobile, like any other moving object, follows the laws of physics . . . ." *Id.*

This Court has held that the restriction on expert testimony set out in *Shaw* "is limited to opinions regarding *speed*; it does not apply to opinions concerning other elements of an accident." *State v. Purdie*, 93 N.C. App. 269, 276, 377 S.E.2d 789, 793 (1989). Thus, an expert's testimony is properly admitted when he gives no opinion as to the actual speed of a vehicle. *Id. See also McKay v. Parham*, 63 N.C. App. 349, 353, 304 S.E.2d 784, 786-87 (1983) (holding admissible expert testimony that applied the law of physics to post-collision movement of two cars), *disc. review denied*, 310 N.C. 477, 312 S.E.2d 885 (1984).

Here, Mr. Dennis never gave an opinion as to the speed that Catherine Hoffman was traveling. He used his scientific expertise to perform an experiment that demonstrated stopping distances at various speeds. *See, e.g., Addison v. Moss*, 122 N.C. App. 569, 571-73, 471 S.E.2d 89, 90-92 (holding result of experiment involving vehicle admissible on question of contributory negligence), *disc. review denied*, 345 N.C. 179, 479 S.E.2d 203 (1996). It was left up to the jury to determine Catherine Hoffman's stopping distance—which was a subject of dispute at trial—and make the ultimate determination of the speed of her car, precisely as required by *Shaw*. The trial court, therefore, did not err in admitting Mr. Dennis' testimony.[2]

---

2. The Hoffmans also argue that the trial court erred by refusing to instruct the Oakleys' attorney not to argue the issue of speed in his closing argument. Because Mr.

II

**[2]** The Hoffmans next argue that the trial court erred by denying their motions for a directed verdict on the issue of contributory negligence and for judgment notwithstanding the verdict ("JNOV"). When considering a motion for a directed verdict, a trial court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of every reasonable inference arising from the evidence. *Clark v. Moore,* 65 N.C. App. 609, 610, 309 S.E.2d 579, 580 (1983). Any conflicts and inconsistencies in the evidence must be resolved in favor of the non-moving party. *Davis & Davis Realty Co. v. Rodgers,* 96 N.C. App. 306, 308-09, 385 S.E.2d 539, 541 (1989), *disc. review denied,* 326 N.C. 263, 389 S.E.2d 112 (1990). If there is more than a scintilla of evidence supporting each element of the non-moving party's claim, the motion for a directed verdict should be denied. *Clark,* 65 N.C. App. at 610, 309 S.E.2d at 580-81. The same standard applies to motions for JNOV. *Smith v. Price,* 315 N.C. 523, 527, 340 S.E.2d 408, 411 (1986).

Because contributory negligence is an affirmative defense, the burden was on the Oakleys to prove that there was more than a scintilla of evidence supporting each element of contributory negligence. *Snead v. Holloman,* 101 N.C. App. 462, 464, 400 S.E.2d 91, 92 (1991). Evidence that a party was exceeding the posted speed limit is sufficient to send the issue of contributory negligence to the jury. *See, e.g., Whisnant v. Herrera,* 166 N.C. App. 719, 723, 603 S.E.2d 847, 850 (2004) (evidence that plaintiff was "exceed[ing] the speed limit" justified submission of issue of plaintiff's contributory negligence to the jury).

In the present case, the parties stipulated at trial that any negligence by Catherine Hoffman was to be imputed to Paula Hoffman. The speed limit on Brooks Avenue was 35 miles per hour. Shawn

---

Dennis' testimony was properly admitted, and the jury could infer from that testimony and evidence of the skid marks that Catherine Hoffman was exceeding the speed limit, the trial court properly denied the Hoffmans' request. The Hoffmans further contend that counsel's actual argument—that the amount of damage to the car suggested Catherine was speeding—was improper. *Shaw,* however, indicates that a jury may draw inferences regarding speed from "the signs, marks, and conditions" at the scene "including damage to the vehicle involved." 253 N.C. at 180, 116 S.E.2d at 355. *See also King v. Bonardi,* 267 N.C. 221, 227, 148 S.E.2d 32, 37 (1966) (holding that extent of damage, along with other evidence, was sufficient to support inference that car was being operated at dangerous and unlawful rate of speed). Under the circumstances of this case, counsel's argument was not improper.

Oakley testified that Catherine Hoffman told her that she was traveling "about" 40 miles per hour. In addition, as discussed in the prior section, the Oakleys' evidence included expert testimony that a car like the one driven by Catherine Hoffman would be able to stop "in just under 54 feet" if it was traveling at 35 miles per hour, the road's speed limit. Some of the measurements taken at the scene of the accident indicated that the skid marks from the Hoffman car measured 80 feet in length. If the jury accepted the accuracy of those measurements, then the jury could draw the inference, based on the accident reconstruction expert's testimony, that Catherine Hoffman was exceeding the speed limit. The issue of her contributory negligence was, therefore, properly submitted to the jury.

The Hoffmans nevertheless argue that Catherine Hoffman's speed was not a proximate cause of the collision. "In order for a contributory negligence issue to be presented to the jury, the defendant must show that plaintiff's injuries were proximately caused by his own negligence." *McGill v. French*, 333 N.C. 209, 217, 424 S.E.2d 108, 113 (1993). In other words, " '[t]here must be not only negligence on the part of the plaintiff, but *contributory* negligence, a real causal connection between the plaintiff's negligent act and the injury, or it is no defense to the action.' " *Whisnant*, 166 N.C. App. at 722, 603 S.E.2d at 850 (quoting *West Constr. Co. v. Atl. Coast Line R.R. Co.*, 184 N.C. 179, 180, 113 S.E. 672, 673 (1922) (emphasis original)).

According to the Hoffmans, because the jury found that Shawn Oakley had been negligent, and Shawn herself testified that she did not see the Hoffmans' car before the collision, she must have backed into the roadway without looking. Therefore, the Hoffmans argue, regardless of Catherine Hoffman's speed, Shawn Oakley's negligence must have been the sole proximate cause of the collision. In support of their argument, the Hoffmans point to *Ellis v. Whitaker*, 156 N.C. App. 192, 576 S.E.2d 138 (2003), in which this Court noted that a plaintiff is not required to anticipate a defendant's negligence and " 'has a right to assume that any motorist approaching from his left on the intersecting street will stop in obedience to the red light [or a stop sign] facing him unless and until something occurs that is reasonably calculated to put him on notice that such motorist will unlawfully enter the intersection.' " *Id.* at 196, 576 S.E.2d at 141 (alteration in original) (quoting *Cicogna v. Holder*, 345 N.C. 488, 490, 480 S.E.2d 636, 637 (1997)). The *Ellis* Court concluded that, although the evidence suggested that the plaintiff may have been speeding, the defendant had failed to show a "real causal connection" between

the plaintiff's speed and the accident, and, therefore, the plaintiff's speed was not a proximate cause of the collision. *Id.*

Unlike *Ellis*, however, in which no evidence was presented indicating that the collision could have been avoided had the plaintiff been traveling the posted speed limit, the evidence in the present case was sufficient to allow a jury to find that had Catherine Hoffman not been speeding, she would have been able to stop in less than 54 feet, which would have brought her vehicle to a halt prior to any impact. This is sufficient to demonstrate a causal connection between Catherine Hoffman's excessive speed and the resulting accident. *See Whisnant*, 166 N.C. App. at 723-24, 603 S.E.2d at 851 (distinguishing *Ellis* and concluding that defendant demonstrated real causal connection between collision and plaintiff's speed when evidence showed plaintiff was speeding while approaching defendant's vehicle and, by the time plaintiff saw defendant, plaintiff was unable to stop). The trial court, therefore, properly denied the Hoffmans' motion for a directed verdict and motion for JNOV.[3]

### III

[3] Finally, the Hoffmans challenge the trial court's award of costs to the Oakleys on various grounds. N.C. Gen. Stat. § 6-1 (2005) provides: "To the party for whom judgment is given, costs shall be allowed as provided in Chapter 7A and this Chapter." N.C. Gen. Stat. § 7A-305 (2005), in turn, governs costs assessable in civil actions. With respect to negligence actions, costs "may be allowed or not, in the discretion of the court, unless otherwise provided by law." N.C. Gen. Stat. § 6-20 (2005). "The costs referred to in section 6-20 are the items enumerated in section 7A-305(d)." *Smith v. Cregan*, 178 N.C. App. 519, 525, 632 S.E.2d 206, 210 (2006).

After trial, the Oakleys stipulated that State Farm Mutual Automobile Insurance Company had paid all of their costs in accordance with an automobile insurance policy, and, as a result, they had "not personally paid any court costs as a result of the filing, hearing and trial of this case." According to the Hoffmans, because N.C. Gen. Stat. § 6-1 provides that costs shall be allowed "[t]o *the party* for whom judgment is given," the trial court erred by taxing as costs expenses actually paid by the Oakleys' insurer. (Emphasis added.)

---

3. For these reasons, we also reject plaintiff's contention that the trial court erred in instructing the jury on contributory negligence and on speed as a basis for finding contributory negligence.

This issue has not been specifically addressed by North Carolina courts. The Hoffmans have cited no authority suggesting that costs are unavailable when paid for by the insurance carrier pursuant to the insurance policy. At least one other jurisdiction has, however, rejected this argument. *See Hough v. Huffman*, 555 So. 2d 942, 943-44 (Fla. Dist. Ct. App. 1990) (despite insurer's payment of prevailing party's costs, prevailing party could still receive costs under statutory provision granting costs to "party recovering judgment"). *See also Aspen v. Bayless*, 564 So. 2d 1081, 1083 (Fla. 1990) (approving *Hough*).

Based on the plain language of the statute,[4] we do not believe N.C. Gen. Stat. § 6-1 should be construed as precluding a recovery of costs under these circumstances. By its express terms, N.C. Gen. Stat. § 6-1 identifies *to whom* costs may be awarded, but does not limit recovery to unreimbursed costs. As the trial court awarded costs to the Oakleys—who are the parties "for whom judgment [was] given"—we conclude that the court's award complies with N.C. Gen. Stat. § 6-1.

The Hoffmans point to N.C. Gen. Stat. § 7A-305(d), which provides that certain specified expenses "when incurred" are recoverable as costs. The Oakleys, however, did incur the expenses—the Hoffmans do not suggest that the Oakleys would not have been liable for the expenses had the carrier not paid them.

The Hoffmans alternatively contend that the trial court erred by awarding the Oakleys their arbitration fee, deposition fee, and expert witness fees as "costs." In analyzing whether the trial court properly assessed costs we must undertake a three-step analysis. *Miller*, 173 N.C. App. at 391, 618 S.E.2d at 843. First, we must determine whether the cost sought is one enumerated in N.C. Gen. Stat. § 7A-305(d); if so, the trial court is required to assess the item as a cost. *Miller*, 173 N.C. App. at 391, 618 S.E.2d at 843. Second, if the cost is not an item listed under N.C. Gen. Stat. § 7A-305(d), we must determine if it is a "common law cost." *Miller*, 173 N.C. App. at 391, 618 S.E.2d at 843. Third, if the cost sought to be recovered is a "common law cost," we must determine whether the trial court abused its discretion in awarding or denying the cost under N.C. Gen. Stat. § 6-20. *Miller*, 173 N.C. App. at 391, 618 S.E.2d at 843.

---

4. *See In re Brooks*, 143 N.C. App. 601, 606, 548 S.E.2d 748, 752 (2001) (looking to "plain language" of statute in case of first impression).

With respect to the arbitration fee, N.C. Gen. Stat. § 7A-305(d)(7) designates as costs "[f]ees of guardians ad litem, referees, receivers, commissioners, surveyors, *arbitrators*, appraisers, and other similar court appointees, as provided by law." (Emphasis added.) As the Oakleys' arbitration fee is specifically enumerated in N.C. Gen. Stat. § 7A-305(d), the trial court properly assessed the fee as a cost. *Miller*, 173 N.C. App. at 391, 618 S.E.2d at 843.

As for the deposition fee, the Oakleys concede there is no statutory authority for awarding deposition fees as costs. *See also Oakes v. Wooten*, 173 N.C. App. 506, 519, 620 S.E.2d 39, 48 (2005) ("[T]here [i]s no statutory authority for the award of deposition costs."). "[T]his Court [has] held that '[e]ven though deposition expenses do not appear expressly in the statutes they may be considered as part of 'costs' and taxed in the trial court's discretion.' " *Muse v. Eckberg*, 139 N.C. App. 446, 447, 533 S.E.2d 268, 269 (2000) (alteration in original) (quoting *Dixon, Odom & Co. v. Sledge*, 59 N.C. App. 280, 286, 296 S.E.2d 512, 516 (1982)). Consequently, as deposition fees have been allowed as common law costs, we may overturn the trial court's award only upon a showing of abuse of discretion. *Miller*, 173 N.C. App. at 391, 618 S.E.2d at 843. We discern no abuse of discretion by the trial court, and the Hoffmans have made no showing of an abuse of discretion. Accordingly, we hold the trial court did not err by awarding the Oakleys their deposition fee.

Finally, with respect to expert witness fees, the Hoffmans purport to contest awards of $1,060.00 and $625.00, both for Mr. Dennis' fees. The trial court, however, actually denied the Oakleys' motion for Mr. Dennis' $625.00 fee. The sole issue before this Court is the propriety of the trial court's award of the $1,060.00 fee. This fee included Mr. Dennis' time spent reviewing the case materials, talking with the investigating police officer, and conducting the stopping-distance experiment.

Our appellate courts have previously upheld the award of an expert witness fee for time spent outside of testifying. *See, e.g., Oakes*, 173 N.C. App. at 520, 620 S.E.2d at 49 (finding no abuse of discretion when trial court awarded expert witness fee in part for time spent on preparation); *Lewis v. Setty*, 140 N.C. App. 536, 539, 537 S.E.2d 505, 507 (2000) (allowing taxation of expert witness fee for review of medical records); *Campbell v. Pitt County Mem'l Hosp., Inc.*, 84 N.C. App. 314, 328, 352 S.E.2d 902, 910 (allowing recovery as cost time spent by expert witnesses outside of trial), *aff'd in part*

PROGRESSIVE AM. INS. CO. v. STATE FARM MUT. AUTO. INS. CO.

[184 N.C. App. 688 (2007)]

*and disc. review improvidently allowed in part*, 321 N.C. 260, 362 S.E.2d 273 (1987), *overruled on other grounds by Johnson v. Ruark Obstetrics & Gynecology Assocs.*, 327 N.C. 283, 395 S.E.2d 85 (1990). We are bound by these prior decisions, and, therefore, uphold the trial court's award of a $1,060.00 expert witness fee. Consequently, we hold that the trial court did not err in awarding costs.

No error.

Judges TYSON and ELMORE concur.