JUDY BRADLEY PENLAND, AND HUSBAND, BRUCE ELBERT
PENLAND v. RONNIE GREEN

No. 83

(Filed 29 January 1976)

1. Trial § 16— stricken testimony —final jury instructions proper

The trial court's final instructions to the jury to disregard stricken testimony were not ambiguous and confusing to the jury.

2. Automobiles § 18— entering public road from private drive — requirements of statute

In order to comply with G.S. 20-156(a) (1975) the driver of a vehicle about to enter or cross a highway from an alley, building entrance, private road, or driveway is only required to look for vehicles approaching on the highway at a time when his lookout may be effective, to see what he should see, and to yield the right-of-way to vehicles on the highway which, in the exercise of reasonable care, he sees or should see are being operated at such a speed or distance as to make his entry onto the highway unsafe, by delaying his entry onto the highway until a reasonable and prudent man would conclude that the entry could be made in safety.

3. Automobiles § 90— speed of defendant's vehicle — jury instruction

In an action for personal injury and property damages arising out of a two car collision the trial court's recitation of facts with respect to the speed of defendant's automobile was not prejudicial to defendant.

4. Automobiles § 90— contributory negligence — jury instruction proper

The trial court's instruction on contributory negligence that, "A proximate cause would result in liability," did not mislead the jury or prejudice defendant where the court subsequently gave full and proper instructions on the issue of contributory negligence.

APPEAL of right by defendant pursuant to General Statute 7A-30(2) to review the decision of the Court of Appeals reported in 24 N.C. App. 240, 210 S.E. 2d 505 (1974), which found no error, Campbell, J., dissenting, in the trial before Friday, J., at the February 11, 1974 Session of BUNCOMBE County Superior Court. This case was docketed and argued as No. 68 at the Spring Term 1975.

This is a civil action for personal injury and property damages arising out of a two car collision. The evidence is fully recounted in the opinion of the Court of Appeals and will only be repeated here as necessary for an understanding of defendant's arguments.

*Cecil C. Jackson, Jr., for plaintiff appellees.*

*Morris, Golding, Blue & Phillips by James N. Golding, for defendant appellant.*

EXUM, Justice.

[1]   On several occasions during the course of the trial, the judge allowed motions to strike certain testimony and the jury was told on each occasion to disregard that testimony and not consider it in their deliberations. In his final instructions to the jury the judge said:

> . . . The Court will again instruct you that when it has instructed you to disregard testimony, disabuse it from your mind not to consider it. Please follow those instructions in your deliberations.

Defendant strenuously argues that the second and third "it" in the first sentence quoted above refer to the judge's prior instructions rather than to the testimony itself and that, in effect, the judge was countermanding his prior instructions. The argument is patently without merit. The use of the words "again instruct" followed by the sentence, "Please follow those instructions. . . ." removes beyond doubt any ambiguity which might otherwise exist regarding the antecedent of the pronoun "it."

Defendant next contends there was error when the trial judge confused the law relating to entering a highway from a private road or drive, N. C. Gen. Stat. 20-156(a), and the law relating to entering a dominant highway from a servient highway, N. C. Gen. Stat. 20-158. The femme plaintiff entered a public highway from a private driveway of the American Enka plant. Defendant motorist was traveling on the public highway. The trial judge, on occasion, used the terms "dominant" and "servient" in referring to the roads in question. The Court of Appeals correctly noted that while this nomenclature may not have been precisely correct under the circumstances, the trial judge instructed upon proper principles of law applicable to each motorist and defendant was not prejudiced thereby.

On appeal to this Court defendant's contention that he has been prejudiced is made somewhat clearer. He seems to argue that General Statute 20-156(a) (1965) insofar as it required a motorist entering from a private drive to "yield the right-of-way to *all* vehicles approaching on such public highway" (em-

phasis supplied) should have been construed so as to have imposed an absolute duty here upon femme plaintiff to yield to defendant even if the jury could have found that femme plaintiff, exercising reasonable care, was not, and should not have been, aware that defendant was approaching at such a high and negligent speed as to make her entry onto the highway an unsafe maneuver.

This is not the law. Ordinarily a person has no duty to anticipate negligence on the part of others. In the absence of anything which gives or should give notice to the contrary, he has the right to assume and to act on the assumption that others will observe the rules of the road and obey the law. *Wrenn v. Waters,* 277 N.C. 337, 177 S.E. 2d 284 (1970); *Cox v. Freight Lines* and *Matthews v. Freight Lines,* 236 N.C. 72, 72 S.E. 2d 25 (1952). However, the right to rely on this assumption is not absolute, and if the circumstances existing at the time are such as reasonably to put a person on notice that he cannot rely on the assumption, he is under a duty to exercise that care which a reasonably careful and prudent person would exercise under all the circumstances then existing. *Cox* and *Matthews, supra.* In *Kirkman v. Willard,* 259 N.C. 135, 129 S.E. 2d 895 (1963), the plaintiff's evidence was that she stopped before entering an intersection in the city limits of Wilmington because there were "Yield Right of Way" signs. She had a clear view to the left and saw no moving vehicles. She entered the intersection and was struck by defendant's vehicle which was traveling 45-50 mph from her left. Although defendant's evidence differed, the jury answered issues of negligence, contributory negligence and damages in favor of plaintiff. This Court held that defendant's motion for nonsuit was properly denied. There was no suggestion that plaintiff's admitted duty to yield the right-of-way extended to vehicles which, the jury could have found she had not and, in the exercise of reasonable care, should not have seen.

[2] General Statute 20-156 (a) (1965) did not, nor does it now, as defendant seems to argue, require omniscience on the part of a motorist entering a public highway from a private drive. In order to comply with General Statute 20-156 (a) (1975) the driver of a vehicle about to enter or cross a highway from an alley, building entrance, private road, or driveway is only required to look for vehicles approaching on the highway at a time when his lookout may be effective, to see what he should

see, and to yield the right-of-way to vehicles on the highway which, in the exercise of reasonable care, he sees or should see are being operated at such a speed or distance as to make his entry onto the highway unsafe, by delaying his entry onto the highway until a reasonable and prudent man would conclude that the entry could be made in safety. *Warren v. Lewis,* 273 N.C. 457, 160 S.E. 2d 305 (1968) (dealing with a private drive situation but inadvertently citing N. C. Gen. Stat. 20-158) ; *Galloway v. Hartman,* 271 N.C. 372, 156 S.E. 2d 727 (1967) ; N.C.P.I.—Civil 203.29 (May 1975). This in substance is how the trial judge instructed the jury in this case.

[3] Appellant quibbles with the recitation of facts both by the Court of Appeals and the trial judge in his jury instructions by arguing in his brief as follows:

> The Court of Appeals' decision in reciting the facts states: "Vicks testified that plaintiff was going between 10 and 20 miles per hour and defendant was going between 45 and 60 miles per hour." The trial court instructed the jury as to these same speeds even though it had earlier instructed the jury not to consider this statement as "evidence of the truth."

It is true that Vicks did not testify regarding defendant's speed before the jury. A prior recorded statement of Vicks in which he did give defendant's speed as "45 to 60 miles an hour" was put before the jury by defendant during his cross-examination of Vicks and by stipulation of both parties purportedly for the purpose of impeaching this witness. The trial judge properly instructed the jury to consider Vicks' earlier recorded statement not as "evidence of the truth of what was said at that earlier time" but only upon the question of the witness' credibility at trial. Later while instructing the jury that operating a motor vehicle at a speed in excess of the speed limit was negligence *per se,* the judge said:

> (Now in that connection the plaintiff contends to you that the defendant on this occasion was exceeding the speed limit, he was doing more than 35 miles per hour, doing between 45 and 60, or 65 and 70.)

> The defendant says and contends to you that he was not, he says and contends to you that he was only driving 30 to 35 miles per hour on this occasion.

Defendant excepted to and assigned as error that portion of the above instructions in parentheses.

There is no merit to this assignment of error. Another witness, Ronald Revis, testifying for plaintiffs, did observe defendant's vehicle and gave, the jury his estimate of its speed prior to the collision at 65 or 70 miles per hour. Still another eyewitness, Clarence Grogan, stated in the jury's absence that in his opinion defendant's vehicle was traveling "at least 65 miles an hour" before the collision. For reasons known only to plaintiffs this testimony was not given to the jury. The testimony of Revis was enough to support the statement by the judge of plaintiffs' contention that defendant was exceeding the speed limit and was traveling between 65 or 70 miles per hour. The fact that the judge also mentioned the speeds 45 to 60 miles per hour in the absence of testimony as to these speeds could not possibly have prejudiced defendant. If mention of these speeds affected the jury at all, it probably did so to defendant's benefit. Defendant, furthermore, never suggested any correction of this statement at trial. At the close of his instructions the trial judge asked, "Now is there anything further on either side?" Both plaintiffs and defendant replied that they had nothing to suggest to the court. In order for inaccuracies in the recitation of facts or contentions in jury instructions to be considered on appeal, they must be called to the attention of the trial judge in time for him to correct them at trial. *Lewis v. Barnhill*, 267 N.C. 457, 468, 148 S.E. 2d 536, 544 (1966).

[4] Defendant assigns as error this statement in the trial judge's instructions on the second (contributory negligence) issue: "A proximate cause would result in liability, members of the jury." A finding by the jury of plaintiffs' negligence proximately causing the collision would, of course, mean *no* ultimate liability on the part of defendant. Almost immediately after the complained of statement, however, the trial judge instructed, in substance (except where quoted): (1) if the jury found plaintiff negligent and her negligence a proximate cause of the collision, it would answer the second issue YES; (2) if the jury failed to so find, it would answer the issue No; and (3) "if you answer the second issue YES . . . [having answered the first issue YES] under those circumstances neither could recover [defendant had asserted a counterclaim] and that would end the lawsuit, in which event you would not consider the remaining issues. . . . However if your answer to the sec-

ond issue is No, then you would take up and consider the third issue . . . [amount of plaintiffs' damages]." Standing alone the complained of statement is meaningless. Taken in the context of subsequent full and proper instructions regarding the manner of answering the second issue and the consequences of either answer, the jury could not have been misled nor defendant prejudiced by the statement.

We have carefully examined all of defendant's assignments of error and find them to be wholly without merit. Defendant's appeal consists almost entirely of an inordinate straining at gnats. He has had a fair trial free from prejudicial error. It is time he paid the judgment rendered against him at that trial.

The decision of the Court of Appeals is

Affirmed.