WALTER LEE OAKES AND S & W MOTOR LINES, INC. v. ERNEST CLIFTON JAMES AND THE CITY OF GREENSBORO

No. 8318SC767

(Filed 5 June 1984)

**Automobiles and Other Vehicles § 59.1— automobile accident—sufficiency of evidence of negligence**

    A trial court erred in directing a verdict for defendants in an action arising from an automobile accident where the evidence tended to show that defendant driver was on a ramp leading into an interstate highway; pursuant

to G.S. 20-140.3(6) it was his duty to yield the right-of-way; defendant driver did not yield the right-of-way and a reasonable man would have done so; and the jury could also find that this failure to yield the right-of-way was the proximate cause of the collision between defendants' garbage truck and the plaintiffs' tractor-trailer.

APPEAL by plaintiffs from *Rousseau, Judge.* Judgment entered 31 March 1983 in Superior Court, GUILFORD County. Heard in the Court of Appeals 1 May 1984.

Plaintiffs brought this action for personal injury and property damage. The plaintiffs' evidence showed that on 11 December 1979, Walter Lee Oakes was driving a tractor-trailer owned by S & W Motor Lines, Inc. in the right northbound lane of Highway 29 in Guilford County at a speed of 55 miles per hour. A pickup truck was traveling northward in the left northbound lane immediately beside him. Defendant James was operating a City of Greensboro garbage truck in the access ramp approaching Highway 29 in a northerly direction.

Walter Lee Oakes testified:

"I approached on up there, and he [James] just kept going on up the travel lane. And I looked back in my rear-view mirror to see if I could get over, because I knowed at one point over there he was going to try to come in. And I seen I couldn't get over there. So, I hit the brakes and started slowing it down so I could let him in. And he came in before I could get it slowed down enough.

. . . .

I let up off the accelerator so it would start slowing up.

. . . .

Well, I was applying the brakes just as I passed that ramp and kept applying them, and it still wasn't slowing up enough, and that pick-up was still back there on my back axle. And I kept applying the brakes a little hard. And then I see it was going to hit anyway at the Florida Street bridge, so I locked it down."

There was evidence that Ernest James was driving at a speed of 20 miles per hour when he entered Highway 29. There was a collision between the two vehicles.

At the close of the plaintiffs' evidence the court directed a verdict for the defendants. Plaintiffs appealed.

*Alexander, Ralston, Pell and Speckhard, by Stanley E. Speckhard and Donald K. Speckhard, for plaintiff appellants.*

*Nichols, Caffrey, Hill, Evans and Murrelle, by Kenneth Kyre, Jr., for defendant appellees.*

WEBB, Judge.

If the jury could not reasonably conclude that the negligence of Ernest Clifton James was a proximate cause of the accident or if all the evidence so clearly establishes that Walter Lee Oakes' negligence was a proximate cause of the accident that no other reasonable conclusion is possible, the dismissal at the end of the plaintiffs' evidence must be affirmed. *See Ragland v. Moore,* 299 N.C. 360, 261 S.E. 2d 666 (1980). Negligence is the failure to do what a reasonably careful and prudent person would have done or the doing of something which a reasonably careful and prudent person would not have done considering all the circumstances. *See* Prosser, *Handbook of the Law of Torts,* § 32 (1971) for a discussion on negligence.

We believe a jury could reasonably conclude that the negligence of Mr. James was a proximate cause of the collision. The evidence in the light most favorable to the plaintiffs shows that Mr. James was on a ramp leading into an interstate highway. It was his duty to yield the right-of-way. *See* G.S. 20-140.3(6). The jury could find from the evidence that Mr. James did not yield the right-of-way and a reasonable man would have done so. The jury could also find that this failure to yield the right-of-way was a proximate cause of the collision.

We do not believe that the only reasonable inference a jury could make from the evidence is that the negligence of Mr. Oakes was a proximate cause of the collision. The plaintiffs' evidence shows he was operating the tractor-trailer within the speed limits. He had the right to assume Mr. James would yield the right-of-way. *See Penland v. Green,* 289 N.C. 281, 221 S.E. 2d 365 (1976). There was a pickup truck in the adjoining lane so that he could not move to that lane. We do not believe the only inference the jury could make from this evidence is that Mr. Oakes did some-

thing a reasonable man would not have done or that he failed to do something a reasonable man would have done immediately prior to the collision.

The defendants argue that there is no evidence that Mr. James turned directly in front of Mr. Oakes. They say there is no testimony as to the distance between the vehicles of Mr. Oakes and Mr. James when Mr. James entered Highway 29. We believe that from the testimony of Mr. Oakes the jury could infer it was a very short distance.

Defendants also argue if Mr. James did not yield the right-of-way all the evidence shows that Mr. Oakes knew he would not do so and a jury could only infer that he did not take reasonable measures to avoid the collision. It is true that Mr. Oakes testified he knew Mr. James "was going to try to come in." We do not believe a jury would have to conclude from this that Mr. Oakes knew Mr. James would enter Highway 29 as he did. We believe it is a jury question whether Mr. Oakes kept his vehicle under control so as to avoid a collision.

For the reasons stated in this opinion, we hold it was error to allow the defendants' motion to dismiss.

Reversed and remanded.

Judges HILL and WHICHARD concur.