KAREN D. CICOGNA v. JOHN H. HOLDER

No. 125A96

(Filed 10 February 1997)

### 1. Automobiles and Other Vehicles 592 (NCI4th)— intersection accident—traffic light—contributory negligence improperly submitted

The trial court erred by submitting an issue of contributory negligence to the jury where all of the evidence tended to show that plaintiff was proceeding through an intersection pursuant to a green light when she was struck by defendant's vehicle which violated the red light, and there was no evidence of anything that would have put plaintiff on notice that defendant would not obey the traffic light.

**Am Jur 2d, Automobiles and Highway Traffic §§ 422, 423; Negligence §§ 1108-1114.**

### 2. Appeal and Error § 524 (NCI4th)— partial new trial

This case is remanded for a new trial only on the issue of damages where the jury found negligence and contributory negligence; the trial court erred in submitting the contributory negligence issue to the jury; the evidence as to negligence and contributory negligence was separate; and the verdict as to contributory negligence should not have affected the negligence issue.

**Am Jur 2d, Appellate Review §§ 808-812.**

**Grant of new trial on issue of liability alone, without retrial of issue of damages. 34 ALR2d 988.**

**Propriety of limiting to issue of damages alone new trial granted on ground of inadequacy of damages—modern cases. 5 ALR5th 875.**

Appeal of right by the plaintiff pursuant to N.C.G.S. § 7A-30(2) from an unpublished decision of a divided panel of the Court of Appeals, 121 N.C. App. 787, 467 S.E.2d 911 (1996), finding no error in a judgment entered by Bowen (Wiley F.), J., on 17 February 1994, in Superior Court, Lee County. Heard in the Supreme Court 10 September 1996.

## CICOGNA v. HOLDER

[345 N.C. 488 (1997)]

The plaintiff brought this action to recover for personal injury and property damage received in a collision between her automobile and a pickup truck driven by the defendant. The plaintiff testified that on 20 September 1992, she was operating her automobile in a westerly direction on Raleigh Street in Sanford. She stopped for a traffic light at the intersection of Raleigh Street and Lee Avenue. When the traffic light facing her turned green, she started into the intersection. She testified that she looked both ways and did not see the defendant's vehicle although he was "right there."

As the plaintiff entered the intersection, the defendant was traveling in a northerly direction on Lee Avenue in his truck. He drove into the intersection and collided with the plaintiff. The defendant did not introduce any evidence.

Over the plaintiff's objection, the court submitted the issue of contributory negligence to the jury, and the jury answered favorably to the defendant. The court entered a judgment accordingly and dismissed the action. The Court of Appeals found no error, and Judge Wynn dissented.

The plaintiff appealed to this Court.

*Staton, Perkinson, Doster, Post, Silverman and Adcock, by Jonathan Silverman and Elizabeth Myrick Boone, for plaintiff-appellant.*

*Teague, Rotenstreich and Stanaland, L.L.P., by Kenneth B. Rotenstreich and Laurie R. Stegall, for defendant-appellee.*

WEBB, Justice.

[1] The question raised by this appeal involves the quantum of evidence necessary to submit contributory negligence to the jury when the plaintiff's vehicle is struck by another vehicle while the plaintiff is proceeding through an intersection pursuant to a green light. There is no evidence in this case that there was anything that would have put the plaintiff on notice that the defendant would not obey the traffic light. Absent such evidence, contributory negligence should not have been submitted to the jury. The plaintiff was not required to anticipate that the defendant would be negligent. *Penland v. Greene*, 289 N.C. 281, 221 S.E.2d 365 (1976). The only evidence presented was that the plaintiff had the green light and was struck by the defendant, who violated the red light. This is not sufficient evidence of contrib-

CICOGNA v. HOLDER

[345 N.C. 488 (1997)]

utory negligence by the plaintiff to submit contributory negligence to the jury.

This case is similar to *Jones v. Schaffer*, 252 N.C. 368, 114 S.E.2d 105 (1960), in which we said a person "has a right to assume that any motorist approaching from his left on the intersecting street will stop in obedience to the red light facing him unless and until something occurs that is reasonably calculated to put him on notice that such motorist will unlawfully enter the intersection." *Id.* at 375, 114 S.E.2d at 111; *see also Myrick v. Peeden*, 113 N.C. App. 638, 439 S.E.2d 816, *disc. rev. denied*, 336 N.C. 781, 447 S.E.2d 426 (1994); *Snead v. Holloman*, 101 N.C. App. 462, 400 S.E.2d 91 (1991).

The defendant relies principally on two cases: *Bass v. Lee*, 255 N.C. 73, 120 S.E.2d 570 (1961), and *Frugard v. Pritchard*, 112 N.C. App. 84, 434 S.E.2d 620 (1993), *rev'd on other grounds*, 338 N.C. 508, 450 S.E.2d 744 (1994). Neither is helpful to him. Each of these cases reiterates the rule that a motorist, although he has the green light, must keep a proper lookout. In each case, however, there was evidence of negligence in addition to a collision in an intersection. In *Bass*, a passenger in the defendant's automobile warned him that the vehicle approaching the intersection would not stop. In *Pritchard*, the defendant was looking to the right and waving to friends as he entered the intersection. This was additional evidence that the defendant did not keep a proper lookout. There was no such evidence regarding the plaintiff in the case before us.

[2] We hold it was error to submit contributory negligence to the jury in this case. In ordering a new trial, it is within the discretion of this Court whether to grant a new trial on all issues. If the issue which was erroneously submitted did not affect the entire verdict, there should not be a new trial on all issues. *See Fortune v. First Union Nat'l Bank*, 323 N.C. 146, 371 S.E.2d 483 (1988); *Weyerhaeuser Co. v. Godwin Bldg. Supply Co.*, 292 N.C. 557, 234 S.E.2d 605 (1977). In this case, the evidence as to negligence and contributory negligence was separate. The verdict as to contributory negligence should not have affected the negligence issue.

We therefore remand this case to the Court of Appeals for further remand to Superior Court, Lee County, for a new trial on the issue of damages.

REVERSED AND REMANDED.