LAKISHA ANN ARTIS ELLIS, Plaintiff v. LANNIE THOMAS WHITAKER and GARANCO, INC., Defendants

No. COA02-604

(Filed 18 February 2003)

## Motor Vehicles— stop sign—defendant's failure to stop—plaintiff's contributory negligence—insufficient evidence

Plaintiff's motion for a judgment notwithstanding the verdict should have been granted in an automobile accident case in which defendant ran a stop sign and the jury found plaintiff contributorily negligent. Evidence that the intersection itself was unobstructed did not negate evidence that the direction from which defendant approached was obstructed by trees and houses, and the evidence failed to establish a proximate connection between plaintiff's speed and the accident. Plaintiff was not required to anticipate that defendant would be negligent.

**ELLIS v. WHITAKER**

[156 N.C. App. 192 (2003)]

Appeal by plaintiff from judgment entered 10 January 2002 and an order entered 24 January 2002 by Judge Cy A. Grant, Sr. in Wilson County Superior Court. Heard in the Court of Appeals 9 January 2003.

*Narron & Holdford, P.A., by Ben L. Eagles, for plaintiff-appellant.*

*Battle, Winslow, Scott & Wiley, P.A., by M. Greg Crumpler and W. Dudley Whitley, for defendant-appellees.*

HUNTER, Judge.

LaKisha Ann Artis Ellis ("plaintiff") appeals a judgment finding her contributorily negligent with respect to a motor vehicle accident between her and Lannie Thomas Whitaker ("defendant Whitaker"), an employee of Garanco, Inc. ("defendant Garanco"). Plaintiff also appeals an order denying her Rule 50 motion for judgment notwithstanding the verdict ("JNOV") or, in the alternative, Rule 59 motion for a new trial. We reverse the trial court's judgment and remand on the issue of damages for the reasons stated herein.

This case arises from a motor vehicle accident that occurred on 10 August 1999 at the intersection of Walnut Street and Warren Street in Wilson, North Carolina. Plaintiff was driving a Honda Civic westward on Warren Street. Defendant Whitaker was driving a work truck owned by defendant Garanco, his employer, northbound on Walnut Street. The intersection was controlled by a stop sign located on Walnut Street. Defendant Whitaker drove through the stop sign and collided with plaintiff. Both parties sustained injuries.

Thereafter, plaintiff filed a complaint on 30 December 1999 alleging the accident and her resulting injuries were caused due to the negligence of defendant Whitaker while he was acting as an agent or employee of defendant Garanco. In defendants' answer, they admitted defendant Whitaker was negligent for running the stop sign. However, as a defense, defendants alleged the contributory negligence of plaintiff barred any recovery she sought from them.

A trial by jury was held on 7 January 2002 in the Wilson County Superior Court. Officer Aubrey Pearson ("Officer Pearson") testified that he was dispatched to the accident scene and filled out an accident report. Using the report to refresh his memory, the officer testified that the front of plaintiff's vehicle struck the passenger's side of defendants' truck, turning the truck upside down. Officer Pearson

was unable to ascertain the speed at which each vehicle was travel-ing because neither vehicle left tire impressions prior to the point of impact. However, the officer also testified that an eyewitness who saw the accident told him that both vehicles were traveling at an estimated speed of thirty-five miles per hour.

Plaintiff testified that she was traveling thirty to thirty-five miles per hour on Warren Street just prior to the accident. Although there was nothing blocking her vision as she approached the intersection, plaintiff's view of defendant Whitaker's street of travel was obscured by houses and trees. Plaintiff further testified that she "was looking straight ahead and off to the side," but she did not see defendants' truck until it was right in front of her.

Defendant Whitaker also testified during the trial. He testified that he was traveling thirty-five miles per hour on Walnut Street. Defendant Whitaker admitted to not seeing the stop sign or plaintiff's vehicle. Nevertheless, he further testified that he thought plaintiff may have been speeding, estimating her speed at approximately forty-five to fifty-five miles per hour. Defendant Whitaker "arrived at this estimate based upon the severity of the impact of [plaintiff's] car into [defendants'] car and what [plaintiff's] car did to [defendants'] car as a result of the impact." This testimony was admitted into evidence over plaintiff's objection.[1]

At the conclusion of the trial, the jury returned a verdict finding plaintiff contributorily negligent. On 10 January 2002, a judgment was entered reflecting the jury verdict and taxing costs against plaintiff in the amount of $447.50. Plaintiff subsequently filed a motion for JNOV or, in the alternative, a motion for a new trial. Both were denied in an order filed 24 January 2002. Plaintiff appeals.

By plaintiff's first assignment of error, she argues the trial court erred in denying her motion for JNOV. We agree.

A motion for JNOV "is simply a renewal of a party's earlier motion for directed verdict[.]" *Kearns v. Horsley*, 144 N.C. App. 200, 207, 552 S.E.2d 1, 6, *disc. review denied*, 354 N.C. 573, 559 S.E.2d 179 (2001). Thus, when ruling on this motion, the trial court must consider the evidence in the light most favorable to the non-movant, taking the evi-dence supporting the non-movant's claims as true with all contradic-

---

1. Plaintiff's failure to assign error to defendant Whitaker's estimation of her vehicle's speed without actually seeing the vehicle prior to impact prevents this Court from addressing the admissibility of that testimony further on appeal. *See* N.C.R. App. P. 10 (2002).

ELLIS v. WHITAKER

[156 N.C. App. 192 (2003)]

tions, conflicts, and inconsistencies resolved in the non-movant's favor so as to give the non-movant the benefit of every reasonable inference. *Newton v. New Hanover County Bd. of Education*, 342 N.C. 554, 563, 467 S.E.2d 58, 65 (1996). Likewise, " '[o]n appeal the standard of review for a JNOV . . . is the same as that for a directed verdict, that is whether the evidence was sufficient to go to the jury.' " *Kearns*, 144 N.C. App. at 207, 552 S.E.2d at 6 (citation omitted). This is a high standard for the moving party, requiring a denial of the motion if there is more than a scintilla of evidence to support the non-movant's *prima facie* case. *Id.*

Here, Plaintiff sought a motion for judgment notwithstanding the jury's verdict finding her liable for contributory negligence. Contributory negligence "is negligence on the part of the plaintiff which joins, simultaneously or successively, with the negligence of the defendant . . . to produce the injury of which the plaintiff complains." *Jackson v. McBride*, 270 N.C. 367, 372, 154 S.E.2d 468, 471 (1967).

> Two elements, at least, are necessary to constitute contributory negligence: (1) a want of due care on the part of the plaintiff; and (2) a proximate connection between the plaintiff's negligence and the injury. . . . There must be not only negligence on the part of the plaintiff, but *contributory* negligence, a real causal connection between the plaintiff's negligent act and the injury, or it is no defense to the action.

*Construction Co. v. R. R.*, 184 N.C. 179, 180, 113 S.E. 672, 673 (1922) (emphasis in original). *See also Cobo v. Raba*, 347 N.C. 541, 495 S.E.2d 362 (1998). Since contributory negligence is an affirmative defense, the burden is on the defendant to prove more than a scintilla of evidence supporting each element of this defense to survive a motion for JNOV. *See Snead v. Holloman*, 101 N.C. App. 462, 464, 400 S.E.2d 91, 92 (1991). Nevertheless, "JNOVs are rarely appropriate for issues of contributory negligence" (*Smith v. Wal-Mart Stores*, 128 N.C. App. 282, 286, 495 S.E.2d 149, 151 (1998)) because " 'application of the prudent man test, or any other applicable standard of care, is generally for the jury.' " *Id.* at 285-86, 495 S.E.2d at 151 (quoting *Taylor v. Walker*, 320 N.C. 729, 734, 360 S.E.2d 796, 799 (1987)).

When considered in the light most favorable to defendants, the evidence in the case *sub judice* established the following: (1) Plaintiff was driving at a speed of approximately fifty miles per hour; (2) plaintiff's view of the intersection was unobstructed; (3) plaintiff did not

apply the brakes prior to impact because no skid marks were found; and (4) the force of the impact resulted in defendants' truck being overturned. However, this evidence "merely raise[d] conjecture on the issue of contributory negligence [and was] insufficient to go to the jury." *Snead,* 101 N.C. App. at 466, 400 S.E.2d at 93.

Our Supreme Court has held that a person

"has a right to assume that any motorist approaching from his left on the intersecting street will stop in obedience to the red light [or a stop sign] facing him unless and until something occurs that is reasonably calculated to put him on notice that such motorist will unlawfully enter the intersection."

*Cicogna v. Holder,* 345 N.C. 488, 490, 480 S.E.2d 636, 637 (1997) (quoting *Jones v. Schaffer,* 252 N.C. 368, 375, 114 S.E.2d 105, 111 (1960)). In the present case, defendant Whitaker approached from plaintiff's left and entered her lane of travel after running a stop sign. Although there was evidence indicating that the intersection itself was unobstructed, this evidence did not negate other evidence that established the direction from which defendant Whitaker approached was *obstructed* by trees and houses.

Also, the evidence failed to establish a proximate connection between plaintiff's speed and the accident. Defendants' evidence regarding plaintiff's speed suggested negligence on her part; but whether or not she was speeding, "plaintiff was not required to anticipate that the defendant would be negligent." *Id.* at 489, 480 S.E.2d at 637. Without more, defendants failed to establish the "real causal connection" between plaintiff's negligence and the accident necessary to prove plaintiff was contributorily negligent.

Accordingly, when all of the evidence is viewed in the light most favorable to defendants, it fails to provide more than a scintilla of evidence needed to establish plaintiff had sufficient notice to avoid the accident or that her negligence was the proximate cause of the accident. Therefore, plaintiff's motion for JNOV should have been granted.

Finally, having determined that the trial court erred in denying plaintiff's motion for JNOV, it is unnecessary for this Court to address plaintiff's remaining assignments of error. Therefore, since defendants' negligence is uncontroverted, we reverse the trial court's judgment finding plaintiff contributorily negligent and remand this case for a new trial on the issue of damages.

Reversed and remanded.

Judges McGEE and CALABRIA concur.