JERRY WAYNE WHISNANT, JR., Plaintiff v. ROBERTO CARLOS HERRERA, Defendant

No. COA03-1607

(Filed 2 November 2004)

**1. Motor Vehicles— contributory—negligence—automobile collision—speeding**

There was sufficient evidence to submit contributory negligence to the jury where a collision occurred as defendant pulled around a stopped car on a narrow street on Halloween night, and plaintiff's speed (estimated by an officer after the accident) was five miles an hour over the speed limit even though children were leaving the parked car. Plaintiff could have foreseen that some generally injurious consequence might occur.

**2. Civil Procedure— motion for j.n.o.v. and new trial—underlying motion for directed verdict denied**

There was no error in the denial of a motion for a judgment notwithstanding the verdict where the underlying motion for a directed verdict was properly denied. Furthermore, none of the grounds for a new trial listed in N.C.G.S. § 1A-1, Rule 59 were present.

Appeal by plaintiff from judgment entered 30 April 2003 and order entered 24 June 2003 by Judge John R. Mull in Catawba County District Court. Heard in the Court of Appeals 14 September 2004.

*Campbell & Taylor, P.C., by Robyn M. Lacy, for plaintiff-appellant.*

*Morris, York, Williams, Surles & Barringer, L.L.P., by John P. Barringer and Heather G. Connor, for defendant-appellee.*

TIMMONS-GOODSON, Judge.

Jerry Wayne Whisnant, Jr. ("plaintiff") appeals the trial court judgment denying plaintiff any recovery from Roberto Carlos Herrera ("defendant") and the trial court order denying plaintiff's motion for judgment notwithstanding the verdict and motion for a new trial. For the reasons discussed herein, we affirm the trial court's judgment.

The facts and procedural history pertinent to the instant appeal are as follows: On 31 October 2000, plaintiff was traveling in his vehicle in the northbound lane of North Main Street Parallel ("Main Street") in Granite Falls. As plaintiff proceeded along Main Street, defendant was stopped in his vehicle behind a third vehicle parked in the southbound lane of Main Street. As plaintiff's vehicle approached, defendant drove his vehicle from the southbound lane of Main Street into the northbound lane of Main Street, in an attempt to maneuver his vehicle around the vehicle blocking the southbound lane. When plaintiff saw defendant's vehicle enter plaintiff's lane of travel, plaintiff applied his vehicle's brakes. The two vehicles nevertheless collided "head-on" in the northbound lane of Main Street.

Granite Falls Police Department Officer Chris Robinson ("Officer Robinson") investigated the accident. After examining the scene of the accident, Officer Robinson determined that defendant's vehicle had not left any skid marks and that plaintiff's vehicle had left skid marks measuring thirty-two feet in length. Officer Robinson then esti-

mated that plaintiff's vehicle was traveling forty miles per hour at the moment plaintiff first applied the brakes, and thirty miles per hour at the moment the two vehicles collided. Following his investigation, Officer Robinson cited defendant for driving left of center.

As a result of the accident, plaintiff received injuries to his neck and lower back. On 31 August 2001, plaintiff filed a complaint against defendant, alleging that defendant's negligent operation of his vehicle was the proximate cause of the accident. On 2 January 2002, defendant filed an answer denying plaintiff's allegations and asserting the affirmative defense of contributory negligence.

The case proceeded to trial the week of 15 January 2003. At trial, plaintiff testified that, as his vehicle approached the vehicle parked in the southbound lane, plaintiff maneuvered his vehicle toward the shoulder of the northbound lane. Plaintiff further testified that he was unsure of his exact speed prior to applying his vehicle's brakes, but he did not believe that he was speeding. Plaintiff also testified that, because it was Halloween and he was aware there were children in the area, he was paying careful attention prior to the accident.

Defendant testified that Main Street was narrow and barely wide enough for two cars to pass. He further testified that as he maneuvered his vehicle around the vehicle parked in the southbound lane of travel, he did not see plaintiff's vehicle approaching. Defendant testified that there were children entering and exiting the parked vehicle at the time of the accident, and he admitted that in order to maneuver his vehicle around the parked vehicle, he was forced to enter the northbound lane of Main Street.

At the close of all the evidence, both parties moved for a directed verdict on the issues of negligence and contributory negligence. The trial court denied both motions and subsequently submitted both issues to the jury. On 16 January 2003, the jury found defendant negligent and plaintiff contributorily negligent, thereby denying plaintiff any recovery for damages. On 30 April 2003, the trial court entered judgment in the case and ordered that plaintiff have and recover nothing from defendant. On 9 May 2003, plaintiff moved the trial court for judgment notwithstanding the verdict, or, in the alternative, a new trial. On 24 June 2003, the trial court denied plaintiff's motion. Plaintiff appeals.

The issues on appeal are whether the trial court erred by: (I) denying plaintiff's motion for directed verdict; and (II) denying plain-

tiff's motion for judgment notwithstanding the verdict, or, in the alternative, new trial.

[1] Plaintiff first argues that the trial court erred in denying his motion for directed verdict. Plaintiff asserts that there was insufficient evidence to submit the issue of contributory negligence to the jury. We disagree.

The purpose of a motion for directed verdict is "to test the legal sufficiency of the evidence to take the case to the jury and to support a verdict for plaintiffs[.]" *Wallace v. Evans*, 60 N.C. App. 145, 146, 298 S.E.2d 193, 194 (1982). The evidence should be considered in the light most favorable to the nonmovant, and the nonmovant is to be given the benefit of all reasonable inferences from the evidence. *Id.* "If there is more than a scintilla of evidence supporting each element of the nonmovant's case, the motion for directed verdict should be denied." *Snead v. Holloman*, 101 N.C. App. 462, 464, 400 S.E.2d 91, 92 (1991). Thus, where a defendant pleads an affirmative defense such as contributory negligence, "a motion for directed verdict is properly granted against the defendant where the defendant fails to present more than a scintilla of evidence in support of each element of his defense." *Id.*

Contributory negligence is "negligence on the part of the plaintiff which joins, simultaneously or successively, with the negligence of the defendant . . . to produce the injury of which the plaintiff complains." *Jackson v. McBride*, 270 N.C. 367, 372, 154 S.E.2d 468, 471 (1967). Our Supreme Court has previously stated that "two elements, at least, are necessary to constitute contributory negligence[.]" *Construction Co. v. R.R.*, 184 N.C. 179, 180, 113 S.E. 672, 673 (1922). The defendant must demonstrate: (1) a want of due care on the part of the plaintiff; and (2) a proximate connection between the plaintiff's negligence and the injury. *Id.* "There must be not only negligence on the part of the plaintiff, but *contributory* negligence, a real causal connection between the plaintiff's negligent act and the injury, or it is no defense to the action." *Id.* (emphasis in original).

"If the evidence raises only a 'mere conjecture' of contributory negligence, the issue should not be submitted to the jury." *Brown v. Wilkins*, 102 N.C. App. 555, 557, 402 S.E.2d 883, 884 (1991) (citing *Radford v. Norris*, 74 N.C. App. 87, 88, 327 S.E.2d 620, 621, *disc. review denied*, 314 N.C. 117, 332 S.E.2d 483 (1985)). "However, since negligence usually involves issues of due care and reasonableness of actions under the circumstances, it is especially appropriate for

determination by the jury." *Radford*, 74 N.C. App. at 88-89, 327 S.E.2d at 621-22. "In 'borderline cases,' fairness and judicial economy suggest that courts should decide in favor of submitting issues to the jury." *Id.* at 89, 327 S.E.2d at 622 (citation omitted).

When considered in the light most favorable to defendant, the evidence in the instant case tends to show the following: (1) Main Street is a narrow road that is barely wide enough for two cars to pass; (2) as plaintiff was traveling northbound on Main Street, defendant maneuvered his vehicle around a vehicle parked in the southbound lane of Main Street; (3) there were children entering and exiting the parked vehicle at the time of the accident; (4) although plaintiff applied his brakes, plaintiff's vehicle and defendant's vehicle nevertheless collided in the northbound lane of Main Street; (5) prior to the accident, plaintiff's vehicle was traveling at approximately forty miles per hour. We conclude that this evidence does more than raise "mere conjecture" on the issue of contributory negligence.

We recognize that our Supreme Court has previously stated that "[o]rdinarily a person has no duty to anticipate negligence on the part of others. . . . [H]e has the right to assume and to act on the assumption that others will observe the rules of the road and obey the law." *Penland v. Green*, 289 N.C. 281, 283, 221 S.E.2d 365, 368 (1976). However, in *Penland*, the Court further stated that "the right to rely on this assumption is not absolute." *Id.* Thus, where "circumstances existing at the time are such as reasonably to put a person on notice that he cannot rely on the assumption, he is under a duty to exercise that care which a reasonably careful and prudent person would exercise under all the circumstances then existing." *Id.*

In the instant case, the evidence presented at trial tends to show that as plaintiff approached the scene of the accident, plaintiff was aware it was Halloween and that children might be in the area. Nevertheless, plaintiff continued to exceed the speed limit of Main Street, even though, according to defendant, children were exiting the vehicle parked in the southbound lane. We conclude that this evidence was sufficient to extinguish the presumption in plaintiff's favor and is sufficient to support the trial court's decision to submit the issue of contributory negligence to the jury.

Plaintiff maintains that defendant's evidence failed to establish a proximate causal connection between plaintiff's allegedly negligent actions and the accident. In support of this assertion, plaintiff cites *Ellis v. Whitaker*, 156 N.C. App. 192, 576 S.E.2d 138 (2003). The plain-

tiff in *Ellis* appealed the trial court's judgment finding her contributorily negligent for an accident involving defendant and denying her motions for judgment notwithstanding the verdict. This Court reversed, concluding that because "the evidence failed to establish a proximate connection between plaintiff's speed and the accident[,]" the trial court erred in submitting the issue of contributory negligence to the jury. 156 N.C. App. at 196, 576 S.E.2d at 141. We conclude that the instant case is distinguishable from *Ellis*.

In *Ellis*, the defendant-driver admitted that he did not see plaintiff's vehicle prior to impact, but nevertheless testified that he thought that the plaintiff was speeding. According to the defendant-driver, the plaintiff was traveling "approximately forty-five to fifty-five miles per hour" prior to impact, an estimate that the defendant-driver " 'arrived at . . . based upon the severity of the impact of [plaintiff's] car into [defendants'] car and what [plaintiff's] car did to [defendants'] car as a result of the impact.' " *Id.* at 194, 576 S.E.2d at 140. On appeal, this Court recognized that "[d]efendants' evidence regarding plaintiff's speed suggested negligence on her part[.]" *Id.* at 196, 576 S.E.2d at 141. However, we concluded that "whether or not she was speeding, 'plaintiff was not required to anticipate that the defendant would be negligent.' " *Id.* (quoting *Cicogna v. Holder*, 345 N.C. 488, 489, 480 S.E.2d 636, 637 (1997)). Thus, we held that "[w]ithout more, defendants failed to establish the 'real causal connection' between plaintiff's negligence and the accident necessary to prove plaintiff was contributorily negligent." *Ellis*, 156 N.C. App. at 196, 576 S.E.2d at 141.

In the instant case, the evidence presented at trial is not so speculative as to warrant a similar disposition. Officer Robinson investigated the scene and measured the visible skid marks immediately after the accident. Officer Robinson testified that although he "didn't result [it] as being a contributing factor," he estimated plaintiff's speed prior to the accident to be "approximately forty" miles per hour, or five miles over the speed limit. Officer Robinson also testified that he measured the skid marks of plaintiff's vehicle and found them to be thirty-two feet long. Defendant testified that the roadway upon which the accident occurred was "very narrow" and "barely wide enough for two cars to pass." Although plaintiff testified that at the time of the accident he was "unsure" of his speed, he further testified that he did not believe he was speeding because "I kind of have a feel for how I'm traveling as to what the vehicle is going to do." Plaintiff also testified that he saw the van parked in front of defend-

ant's vehicle, but "[f]rom the time I seen the defendant, I was right there. There was nothing else I could do."

We conclude the evidence presented at trial is sufficient to support the causal element of a contributory negligence defense. "Proximate cause is an inference of fact to be drawn from other facts and circumstances. Only when the facts are all admitted and only one inference may be drawn from them will the court declare whether an act was the proximate cause of an injury or not." *Adams v. Mills*, 312 N.C. 181, 193, 322 S.E.2d 164, 172 (1984). Unlike the facts of *Ellis*, the facts and circumstances of the instant case suggest a "real causal connection" exists between plaintiff's actions and the accident. Viewed in the light most favorable to defendant, the evidence produced at trial tends to show that plaintiff was exceeding the speed limit on a narrow road while approaching a vehicle stopped in the opposite lane of travel. Plaintiff was driving on Halloween night, and in an area where children were exiting and entering vehicles on the roadway.

"[W]hen the principles of proximate causation are applied to the instant case, the issue becomes whether a person of ordinary prudence in the plaintiff's position would have foreseen that an accident, or some generally injurious consequence would occur under the facts as they existed." *Adams*, 312 N.C. at 194, 322 S.E.2d at 172. In light of the evidence produced at trial, the jury could have found that, in the exercise of reasonable and ordinary prudence, plaintiff could have foreseen that some generally injurious consequence might occur were he to continue speeding on a narrow road toward a vehicle stopped in the opposing lane and from which children were exiting. Therefore, we conclude that the trial court did not err in denying plaintiff's motion for directed verdict on the issue of contributory negligence.

**[2]** Plaintiff next argues that the trial court erred in denying his post-trial motion for judgment notwithstanding the verdict, or, in the alternative, new trial. We note initially that a motion for judgment notwithstanding the verdict "is simply a renewal of a party's earlier motion for directed verdict[.]" *Kearns v. Horsley*, 144 N.C. App. 200, 207, 552 S.E.2d 1, 6, *disc. review denied*, 354 N.C. 573, 559 S.E.2d 179 (2001). Thus, " 'on appeal the standard of review for a [judgment notwithstanding the verdict] is the same as that for a directed verdict, that is whether the evidence was sufficient to go to the jury.' " *Id.* at 207, 552 S.E.2d at 6 (citation omitted). Therefore, because we conclude *supra* that the trial court did not err in denying plaintiff's

motion for directed verdict, we also conclude that the trial court did not err in denying plaintiff's post-trial motion for judgment notwithstanding the verdict.

Furthermore, after reviewing the record in the instant case, we have determined that none of the causes or grounds listed under N.C. Gen. Stat. § 1A-1, Rule 59 (2003) exist in the instant case, and thus a new trial was not required. Therefore, we hold that the trial court did not err in denying defendant's post-trial motion, and accordingly, we affirm the trial court's judgment.

Affirmed.

Judges HUNTER and McCULLOUGH concur.