EARLE CLIFTON KEMP, Plaintiff,
v.
ASHLEY KNIGHT, Defendant.
No. COA08-351
Court of Appeals of North Carolina
Filed October 7, 2008
This case not for publication
Scudder & Hedrick, PLLC, by April D. Seguin and Samuel A. Scudder, for Plaintiff-Appellant.
Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P., by Steven M. Sartorio and Robert E. Desmond, for Defendant-Appellee.
STEPHENS, Judge.
This case arises out of a motor vehicle collision between the parties. On 27 November 2004, Plaintiff was traveling west on Grove Street in Fayetteville when he approached the intersection of Grove Street and Eastern Boulevard. The intersection was controlled by a traffic signal, and Plaintiff intended to proceed straight through the intersection. Defendant approached the intersection from the east, intending to turn left on Eastern Boulevard. Defendant's car hit the driver's side of Plaintiff's car in the intersection, damaging Plaintiff's car and injuring Plaintiff. Both parties testified that the traffic signal was emitting a green light for the parties' respective movements. An accident reconstruction expert testified that the two lights could not have been green simultaneously and that, in his opinion, Defendant's light was red. The jury determined that Defendant was negligent, that Plaintiff was contributorily negligent, and that Defendant did not have the last clear chance to avoid the accident. Plaintiff appeals.
The sole issue on appeal is whether the trial court erred by submitting the issue of contributory negligence to the jury. Plaintiff argues that there was no evidence that he was negligent. We disagree.
"In determining the sufficiency of the evidence to justify the submission of an issue of contributory negligence to the jury, [the appellate court] must consider the evidence in the light most favorable to the defendant and disregard that which is favorable to the plaintiff." Prevette v. Wilkes Gen. Hosp., Inc., 37 N.C. App. 425, 427, 246 S.E.2d 91, 92 (1978). "'If different inferences may be drawn from the evidence on the issue of contributory negligence, some favorable to [the] plaintiff and others to the defendant, it is a case for the jury to determine.'" Id. (quoting Bell v. Maxwell, 246 N.C. 257, 261-62, 98 S.E.2d 33, 36 (1957)). "If the evidence raises only a `mere conjecture' of contributory negligence, the issue should not be submitted to the jury." Whisnant v. Herrera, 166 N.C. App. 719, 722, 603 S.E.2d 847, 850 (2004) (quotation marks and citation omitted). "However, since negligence usually involves issues of due care and reasonableness of actions under the circumstances, it is especially appropriate for determination by the jury." Radford v. Norris, 74 N.C. App. 87, 88-89, 327 S.E.2d 620, 621-22 (citation omitted), disc. review denied, 314 N.C. 117, 332 S.E.2d 483 (1985). "In `borderline cases,' fairness and judicial economy suggest that courts should decide in favor of submitting issues to the jury." Id. at 89, 327 S.E.2d at 622 (citation omitted).
First, we dispel Plaintiff's mistaken understanding that, since only one party could have had a green light, "neither party could be contributorily negligent." Our Supreme Court has stated that "even though a driver is faced with a green light, the duty rests upon [the driver] to maintain a reasonable and proper lookout for other vehicles in or approaching the intersection." Beatty v. Bowden, 257 N.C. 736, 739, 127 S.E.2d 504, 506 (1962) (citation omitted). See also Love v. Singleton, 145 N.C. App. 488, 550 S.E.2d 549 (2001) (holding that a reasonable juror could conclude that the plaintiff-driver was contributorily negligent by proceeding into the intersection without keeping a proper lookout even if the plaintiff-driver had the benefit of a green light); Frugard v. Pritchard, 112 N.C. App. 84, 88, 434 S.E.2d 620, 623 (1993) ("A motorist facing a green light when entering an intersection is under the obligation to maintain a proper lookout, in such manner as not to endanger or be likely to endanger others on the highway.") (citation omitted), rev'd on other grounds, 338 N.C. 508, 450 S.E.2d 744 (1994); Seaman v. McQueen, 51 N.C. App.500, 503-04, 277 S.E.2d 118, 120 (1981) ("'It is the duty of the driver of a motor vehicle not merely to look, but to keep an outlook in the direction of travel; and he is held to the duty of seeing what he ought to have seen.'") (quoting Jones v. Schaffer, 252 N.C. 368, 375, 114 S.E.2d 105, 110 (1960)).
Second, we disagree with Plaintiff's contention that the facts of this case are "nearly identical" to the facts in Cicogna v. Holder, 345 N.C. 488, 480 S.E.2d 636 (1997). In Cicogna, "[t]he only evidence presented was that the plaintiff had the green light and was struck by the defendant, who violated the red light." Id. at 489, 480 S.E.2d at 637 (emphasis added). The Supreme Court held that this evidence was not sufficient to submit the issue of contributory negligence to the jury.
In the case at bar, by contrast, there was sufficient evidence to submit the issue to the jury. First, there was evidence that Plaintiff's light was red. Specifically, Defendant testified that her light was green, and the accident reconstruction expert testified that the two lights could not have been green simultaneously. Second, there was evidence that Defendant's car was in the intersection before Plaintiff's car entered the intersection. Specifically, the expert testified that, measuring the distance between Defendant's "stop bar" and the point of impact on an arc, the accident occurred seventy-five feet from Defendant's stop bar and that Defendant was forty-two feet along that arc and "less than 20 feet or 25 feet to [Plaintiff's] left" when Plaintiff reached his stop bar. Third, there was evidence that Plaintiff was not keeping a proper lookout. Specifically, Plaintiff stated in his deposition, which was introduced at trial, that he "had just got past the middle of the intersection, and all of a sudden, I looked up, there is a car right there[.]" (Emphasis added.) Plaintiff also testified that there was nothing obstructing his view.
Drawing all inferences in favor of Defendant and disregarding all evidence which is favorable to Plaintiff, as we must, we conclude there was sufficient evidence that Plaintiff was negligent and that his negligence was a proximate cause of his injuries. Thus, the trial court properly submitted the issue of contributory negligence to the jury.
NO ERROR.
Judges STEELMAN and GEER concur.
Report per Rule 30(e).