An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-101

NORTH CAROLINA COURT OF APPEALS

Filed:  4 February 2014

EBELE ANN ORAEFO,
      Plaintiff

        v.                                Wake County
                                          No. 11-CVS-12463
CHRISTINA CLAREASA POUNDS,
      Defendant.


        Appeal by plaintiff from judgment entered 18 May 2012 by
Judge Michael R. Morgan in Wake County Superior Court.  Heard in
the Court of Appeals 26 September 2013.


        *E. Gregory Stott for plaintiff-appellant.*

        *Haywood, Denny and Miller, L.L.P., by George W. Miller,
        III, for defendant-appellee.*


        DAVIS, Judge.


        Plaintiff  Ebele  Ann  Oraefo  ("Plaintiff")  appeals  from  a
judgment  entered  by  the  trial  court  based  on  the  jury's  verdict
in  favor  of  Defendant  Christina  Clareasa  Pounds  ("Defendant")  in
a  negligence  action.   Plaintiff's  primary  contention  on  appeal
is  that  the  trial  court  committed  reversible  error  by  submitting

the issue of contributory negligence to the jury.  After careful review, we affirm.

## Factual Background

This case arises out of a motor vehicle collision that occurred on 26 August 2008 on N.C. Highway 55 (also known as Alston Avenue) in Durham, North Carolina.  Defendant, a student at Durham Technical Community College, was leaving campus in her car and planned to take N.C. Highway 55 to Interstate 40 in order to return home to Chapel Hill.  Defendant entered N.C. Highway 55 – a four lane highway running north and south. Defendant was driving southbound when she came upon Plaintiff - also traveling southbound - who was driving a Honda Accord directly in front of Defendant's vehicle in the far right-hand lane.

Plaintiff, a student at North Carolina Central University ("NCCU"), was traveling on N.C. Highway 55 after leaving Vocational Rehab, where she worked as an intern.  Plaintiff was en route to  her professor's office on NCCU's campus to drop off some documents.  The weather at this time was misty, and it had been raining all morning.

Because Plaintiff appeared to be traveling slower than the posted 45 mile per hour speed limit, Defendant decided to switch

into the left southbound lane for the purpose of passing Plaintiff's vehicle. From her rear view mirror, Plaintiff saw Defendant's vehicle approaching and noticed that it was "weaving in and out of traffic." As Defendant passed Plaintiff, Plaintiff honked her horn. Defendant moved alongside Plaintiff's car, activated her right turn signal and attempted to re-enter the far right-hand lane in front of Plaintiff's vehicle. Before Defendant actually moved over into the far right-hand lane, she saw Plaintiff's vehicle both in her side view mirror and by looking directly over her shoulder. Because she perceived that Plaintiff's car was a "great amount of distance behind" her own vehicle, she attempted to merge into the far right-hand lane. She then felt a "bump" as the two automobiles collided. The collision occurred when the driver's side of Plaintiff's vehicle made contact with the passenger-side back bumper of Defendant's vehicle.

After the collision, both Plaintiff and Defendant pulled over to the side of the road, and Plaintiff called the police. Corporal Michael Mole, an officer with the Durham Police Department, arrived on the scene and completed an accident report.

On 11 August 2011, Plaintiff filed a complaint against Defendant in Wake County Superior Court, alleging that Defendant's negligence was the proximate cause of injuries she sustained as a result of the collision. In her answer, Defendant denied Plaintiff's allegations and asserted contributory negligence as an affirmative defense, alleging that Plaintiff "failed to keep a proper lookout, failed to keep her vehicle under proper control, and failed to use reasonable care to avoid impact with Defendant's vehicle."

A jury trial was held on 30 April 2012 before the Honorable Michael R. Morgan. At the close of Plaintiff's evidence, Plaintiff moved for a directed verdict with respect to the issues of negligence and contributory negligence. Plaintiff's motion was denied. At the close of all the evidence, Plaintiff renewed her motion for a directed verdict with respect to these issues. This motion was also denied. The jury returned a verdict finding Defendant negligent but also finding Plaintiff contributorily negligent. The trial court entered judgment based on the jury's verdict on 18 May 2012.

On 30 May 2012, Plaintiff filed a written motion for entry of judgment notwithstanding the verdict ("JNOV") concerning the contributory negligence issue and for a new trial on the issue

of damages. The trial court denied Plaintiff's motions. Plaintiff filed a timely notice of appeal to this Court.

## Analysis

Plaintiff argues on appeal that the trial court erred by (1) denying her motion for a directed verdict on the issue of contributory negligence; and (2) denying her motions for JNOV and for a new trial.

The standard of review applicable to a motion for a directed verdict is "whether the evidence, taken in the light most favorable to the non-moving party, is sufficient as a matter of law to be submitted to the jury." *Davis v. Dennis Lilly Co.,* 330 N.C. 314, 322, 411 S.E.2d 133, 138 (1991). "[A]ll of the evidence which supports the non-movant's claim must be taken as true . . . giving the non-movant the benefit of every reasonable inference which may legitimately be drawn therefrom and resolving contradictions, conflicts, and inconsistencies in the non-movant's favor." *Turner v. Duke Univ.,* 325 N.C. 152, 158, 381 S.E.2d 706, 710 (1989).

> If there is more than a scintilla of evidence supporting each element of the nonmovant's case, the motion for directed verdict should be denied. Thus, where a defendant pleads an affirmative defense such as contributory negligence, a motion for directed verdict is properly granted against the defendant where the defendant fails to

> present more than a scintilla of evidence in support of each element of his defense.

*Whisnant v. Herrera,* 166 N.C. App. 719, 722, 603 S.E.2d 847, 850 (2004) (quotation marks and citations omitted). A directed verdict in a negligence case is rarely proper because it is the duty of the jury to apply the test of a person using ordinary care. *Stallings v. Food Lion, Inc.*, 141 N.C. App. 135, 138, 539 S.E.2d 331, 333 (2000).

The standard of review for a JNOV motion is the same as that regarding the denial of a directed verdict motion — that is, "whether the evidence was sufficient to go to the jury." *Tomika Invs., Inc. v. Macedonia True Vine Pentecostal Holiness Church of God, Inc.,* 136 N.C. App. 493, 498–99, 524 S.E.2d 591, 595 (2000). With regard to a motion for a new trial, such motions are addressed to the discretion of the trial court, and our review is strictly limited to whether the record affirmatively shows a manifest abuse of discretion. *Streeter v. Cotton*, 133 N.C. App. 80, 82, 514 S.E.2d 539, 542 (1999).

Here, the issues Plaintiff raises on appeal all hinge on whether the evidence presented at trial by Defendant – along with all reasonable inferences that may be drawn therefrom – was sufficient to allow the issue of contributory negligence to be submitted to the jury. Because we conclude that sufficient

evidence existed to support a finding of contributory negligence by the jury, we affirm.

Contributory negligence is "negligence on the part of the plaintiff which joins, simultaneously or successively, with the negligence of the defendant . . . to produce the injury of which the plaintiff complains." *Bosley v. Alexander*, 114 N.C. App. 470, 472, 442 S.E.2d 82, 83 (1994) (citation omitted). In determining whether a plaintiff is guilty of contributory negligence, a jury must determine "whether a person using ordinary care for his or her safety under similar circumstances would have recognized the danger." *Stallings,* 141 N.C. App. at 137, 539 S.E.2d at 333 (citation omitted).

"The plaintiff's negligence, in order to bar a recovery . . ., need not be the sole proximate cause of the injury . . . . It is sufficient if [the plaintiff's] negligence is a cause, or one of the causes, without which the injury would not have occurred." *Whaley v. Adams,* 25 N.C. App. 611, 613–14, 214 S.E.2d 301, 303 (1975) (citation omitted). "[S]ince negligence usually involves issues of due care and reasonableness of actions under the circumstances, it is especially appropriate for determination by the jury. In borderline cases, fairness and judicial economy suggest that courts should decide in favor of

submitting issues to the jury." *Whisnant,* 166 N.C. App. at 722-23, 603 S.E.2d at 850 (citations and quotation marks omitted).

In the context of evaluating a contributory negligence issue arising from a motor vehicle accident, we have held that "a driver must keep such an outlook in the direction of travel as a reasonably prudent person would keep under the same or similar circumstances." *Sink v. Sumrell*, 41 N.C. App. 242, 246, 254 S.E.2d 665, 668-69 (1979) (citation omitted). We have also recognized that "N.C. Gen. Stat. § 20-141(a)[1] and N.C. Gen. Stat. § 20-141(m)[2], construed together, establish a duty to drive with caution and circumspection and to reduce speed if necessary to avoid a collision, irrespective of the lawful speed limit or the speed actually driven." *State v. Stroud*, 78 N.C. App. 599, 603, 337 S.E.2d 873, 876 (1985).

Our Supreme Court has held that

> [o]rdinarily a person has no duty to

---

[1] N.C. Gen. Stat. § 20-141(a) states: "No person shall drive a vehicle on a highway or in a public vehicular area at a speed greater than is reasonable and prudent under the conditions then existing."

[2] N.C. Gen. Stat. § 20-141(m) provides: "The fact that the speed of a vehicle is lower than the . . . limits shall not relieve the operator of a vehicle from the duty to decrease speed as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway, and to avoid injury to any person or property."

> anticipate negligence on the part of others. In the absence of anything which gives or should give notice to the contrary, he has the right to assume and to act on the assumption that others will observe the rules of the road and obey the law. However, the right to rely on this assumption is not absolute, and if the circumstances existing at the time are such as reasonably to put a person on notice that he cannot rely on the assumption, he is under a duty to exercise that care which a reasonably careful and prudent person would exercise under all the circumstances then existing.

*Penland v. Green,* 289 N.C. 281, 283, 221 S.E.2d 365, 368 (1976) (citations omitted); *see McNair v. Goodwin*, 264 N.C. 146, 148, 141 S.E.2d 22, 23 (1965) (per curiam) (reasonable prudence requires motorist who sees another vehicle being operated in negligent manner to take all the more care to avoid collision).

We believe that, taken together, Plaintiff's and Defendant's testimony at trial constituted sufficient evidence for the trial court to submit the issue of contributory negligence to the jury. Plaintiff testified that she "saw [Defendant] from the rear view [mirror] weaving in and out of traffic," honked her horn when Defendant was in the process of passing her vehicle, and observed Defendant's turn signal flashing before Defendant merged back into Plaintiff's lane, thereby putting her on notice of Defendant's intent to re-enter her lane of travel.

Defendant testified that when she looked over her shoulder prior to re-entering the far right-hand lane, "[Plaintiff] was a great amount of distance behind" and when Defendant started to "move over, [Plaintiff] just came out of nowhere."

The jury could have reasonably inferred from this evidence that Plaintiff — being fully aware of Defendant's intent to re-enter her lane of travel — breached her duty of care by failing to reduce her speed or otherwise attempt to avoid a collision. Accordingly, we conclude that sufficient evidence existed to raise a jury question as to whether Plaintiff was contributorily negligent. Therefore, Plaintiff's motions for a directed verdict, JNOV, and new trial were properly denied.

## Conclusion

For the reasons stated above, we affirm.

AFFIRMED.

Judges HUNTER, JR. and ERVIN concur.

Report per Rule 30(e).